## PEEBLES *v.* THE STATE.

The act of maliciously putting poison into a well, with the intent that the water thereof shall be drunk by another, and that he shall in this manner be killed, does not, without more, constitute the offense of an assault with intent to murder, when the person whose death was intended never in fact drank of the water after the poison had been introduced into the same.

Argued June 21, — Decided July 7, 1897.

Indictment for assault with intent to murder. Before Judge Littlejohn. Schley superior court. April term, 1897.

*J. R. Williams*, for plaintiff in error.

*F. A. Hooper, solicitor-general*, contra.

LUMPKIN, P. J.　In the case of *Johnson* v. *State*, 92 *Ga.* 36, it was held that administering poison to another with intent to take his life was an assault, and that putting poison into coffee, with the intent and purpose that the same should be partaken of by another in ignorance of the presence of the poison, amounted to an administration of the poison, when the intended victim actually drank of the coffee. In the present case, the poison was put in a well, with the intention that. others should be killed by drinking the water; but the design of the accused was defeated, because the presence of the poison in the water was discovered before any person had drunk of the same.

We think the *Johnson* case and the English case of Reg. *v.* Button, 8 C. & P. 660, cited in support of it, go to the full extent authorized in holding that an assault has been committed in cases of this character. The case in hand closely resembles one where a pitfall has been dug, or a spring-gun set, or a gun

loaded, with the felonious intent of depriving another of his life, but where the criminal intent did not proceed sufficiently far to bring the individual whose death was meditated into immediate and present danger.

The indictment now under consideration was for an assault with intent to murder; and as there was no assault proved, the conviction can not be upheld. The question whether or not, in doing the act charged in the indictment, the accused committed an indictable offense under the law as it then stood, is not presented for decision. Since that time, the General Assembly has seen proper to pass an act prohibiting the poisoning of any spring, well, or reservoir of water, and declaring that so doing shall be a felony, punishable by imprisonment in the penitentiary for a term of not less than two nor more than twenty years. Acts of 1896, p. 84.

*Judgment reversed. All the Justices concurring.*