## SIMS v. THE STATE.

An indictment for assault and battery, which charges that the accused made an assault upon a named person and him did unlawfully beat, is sufficiently specific in reference to the assault and beating, though it does not allege what acts constituted the assault nor in what manner the beating was done.

Submitted October 21,— Decided October 24, 1903.

Indictment for assault and battery. Before Judge Reece. City court of Floyd county. September 16, 1903.

*M. B. Eubanks*, for plaintiff in error, cited 90 *Ga.* 441.
*Moses Wright, solicitor-general*, contra, cited 63 *Ga.* 583.

COBB, J. The accused was arraigned upon a special presentment charging him with the offense of assault and battery, in which it was alleged that the accused, on a given day and in a named county, "then and there unlawfully and with force and arms, in and upon one Jeff Stephenson, in the peace of said State then and there being, did make an assault, and him, the said Jeff Stephenson, unlawfully and with force and arms did beat, contrary to the laws of said State," etc. The accused demurred to the presentment, upon the grounds that it did not specify any acts constituting the assault or how or in what manner the beating was done, whether with the hand, fist, or weapon. The demurrer was overruled, and the accused excepted.

The presentment charged the offense substantially in words which are found in approved common-law precedents, as well as

in precedents which have been approved and followed in this country for more than a hundred years. See 3 Chit. Cr. L. (ed. 1847) 820; 1 Arch. Cr Pr. & Pl. (8th ed.) 915; Bish. Dir. & Forms (2d ed.) § 201; 2 Enc. Forms, 229 et seq. This form of indictment for assault and battery was adopted by our criminal pleaders in the early history of this State, and has been uniformly followed to the present time. See Cobb's Penal Code (ed. 1850), 91; *Hansford* v. *State*, 54 *Ga.* 56; *Bard* v. *State*, 55 *Ga.* 320; *Hill* v. *State*, 63 *Ga.* 583. Certainly an indictment which would be sufficient to withstand the scrutiny of a common-law pleader ought to be held sufficiently technical in the 20th century. The rules laid down by Mr. Justice Lumpkin in *Johnson* v. *State*, 90 *Ga.* 441, in reference to the requirements to be met in framing an indictment for assault with intent to murder, have never, either at common law or in this State, been applied to indictments for assault and battery. See, in this connection, *Robinson* v. *State*, 118 *Ga.* 32. The demurrer was without merit, and was properly overruled. *Judgment affirmed. All the Justices concur.*