## WALKER *et al. v.* THE STATE.

1. Where, upon the filing of a motion for a new trial, the judge by order fixes a day certain for the presentation for approval of a brief of the evidence, and no brief is filed within the time fixed by the order, and the motion is subsequently dismissed on that account, such motion is not "legally dead" until the judgment of dismissal; and a bill of exceptions complaining of such judgment and other rulings on the trial of the case is in time if it is filed within twenty days after the judgment of dismissal, although a longer time has elapsed since the date set by the order for the presentation of the brief of evidence.

2. An indictment charging that the accused committed an assault with intent to murder "with certain pieces of iron in their hands held," but which fails to describe the manner of the assault or the character of the pieces of iron, is lacking in the requisite particularity; and an appropriate special demurrer pointing out this defect should be sustained.

Submitted November 21,—Decided December 21, 1905.

Indictment for assault and battery. Before Judge Littlejohn. Schley superior court. October 13, 1905.

*J. J. Dunham* and *Zach. Childers,* for plaintiffs in error.

*F. A. Hooper, solicitor,* contra.

CANDLER, J. The indictment charged the accused with the offense of assault with intent to murder, for that they did on a day named, "unlawfully and with force and arms, with certain pieces of iron in their hands held, feloniously and of their malice aforethought, make an assault in and upon the person of T. G. Hudson," etc. The accused demurred to the indictment generally, and on the special grounds, in effect, that it was not alleged that the "pieces of iron" referred to in the indictment were weapons likely to produce death, and that the offense charged against them was not set out with sufficient particularity to put them on notice of the offense charged against them. The demurrer was overruled, and the accused excepted pendente lite. They were then put on trial, and were found guilty; whereupon they moved for a new trial. When

the motion came on to be heard it was dismissed on motion of the solicitor-general, on the ground that a brief of the evidence introduced on the trial had not been presented to the judge for his approval within the time fixed by the order passed at the time the motion was made. In their bill of exceptions to this court the accused assign error upon the overruling of their demurrer to the indictment, and upon the dismissal of their motion for a new trial.

1. On the call of the case in this court a motion was made by the solicitor-general to dismiss the writ of error, on the ground that the bill of exceptions was not filed in time. Quoting from the motion: "It should have been filed within twenty days after the date set for the presentation of the brief of evidence, and not having been so filed, it is now too late to bring same to this court upon the exceptions pendente lite, the defendant in error contending that the motion in law died on that date, and if plaintiffs in error desired to have same reviewed by this honorable court, it should have been excepted to within twenty days from the date aforesaid." We can not agree with the view taken by the able solicitor that the motion in law "died" on the day set for the presentation and approval of the brief of evidence. To be sure, it contracted a mortal illness when that day passed without a compliance by the accused with the order of the judge; but dissolution did not actually set in until the official action of the judge dismissing the motion. As the bill of exceptions was filed within twenty days after that action, the writ of error will not be dismissed.

2. It is not essential to the validity of every indictment for assault with intent to murder that it allege that the assault was committed with a weapon likely to produce death; for, as was pointed out in *Monday's* case, 32 *Ga.* 672, and *Johnson's* case, 92 *Ga.* 38(3), the offense may be committed without the use of any weapon at all. It is essential, however, where the instrumentality of some physical agency is alleged, that the indictment should describe the manner of its use with sufficient particularity to put the accused on notice as to the nature of the assault which is charged. Thus, in *Johnson's* case, 90 *Ga.* 441, it was held not sufficient to charge the use of "arsenic poison, and other poisons to the grand jurors unknown," without setting forth the manner in which the poisons were administered. The admirable reasoning of Mr. Justice Lumpkin in that case is strikingly applicable to the case now under considera-

tion. · "Pieces of iron" may be of as many different sorts, and used in as many different ways, as poisons; and the accused were entitled to have notice of the character of the assault charged against them. The demurrer to the indictment should have been sustained.

*Judgment reversed. All the Justices concur.*