### 5454. LEARY *v.* THE STATE.

1. The decision in this case is controlled by the ruling in *Leary* v. *State,* 13 *Ga. App.* 626, which is necessarily the law of the case.
2. In legal signification the term "administered," when used in an indictment charging an assault with intent to murder by the administration of a certain substance in food, necessarily conveys the thought that the substance alleged to have been administered was swallowed or partaken of by the person to whom it is alleged the substance was administered; and for this reason the court did not err in overruling the demurrer to the indictment. There can be no administration of a poison or other injurious substance, used with the felonious intent of having a person swallow it, unless the intended victim partakes of it.
3. Though the indictment, which charged that the defendant did actually administer broken glass to the prosecutor, was sufficient to withstand the demurrer, the court erred in overruling the motion for a new trial, because the evidence was uncontradicted that the prosecutor discovered the fragments of glass in his food and declined to eat it, thus defeating the design of the accused upon his life.

DECIDED JULY 21, 1914.

Indictment for assault with intent to murder; from Lowndes superior court—Judge Thomas. November 29, 1913.

*Franklin & Langdale,* for plaintiff in error.

*J. A. Wilkes, solicitor-general,* contra.

RUSSELL, C. J. This is the second appearance of this case in this court. Upon a former review of the record, the judgment of the lower court was reversed because the court erred in overruling

the demurrer to the indictment. In the former bill of exceptions no question other than that of the defectiveness of the demurrer was presented. 13 *Ga. App.* 626 (79 S. E. 584). At the November term, 1913, of Lowndes superior court, the plaintiff in error was again indicted and placed on trial, and the present writ of error is brought for the purpose of reviewing errors alleged to have been committed upon the trial of the accused upon the new indictment. As to the two indictments the case presents a marked similarity to that of *Johnson* v. *State,* 90 *Ga.* 441 (16 S. E. 92); 92 *Ga.* 36 (17 S. E. 974).

Before pleading to the merits of the case the defendant demurred to the indictment, both generally and on special grounds; the court overruled the demurrer, and exception was taken pendente lite. There was no error in overruling the special ground that the indictment did not charge the defendant with the procuring or inducing the prosecutor to swallow the glass. The indictment alleged that the defendant did actually administer and cause to be administered to the prosecutor the broken glass which was the deadly weapon alleged to have been used in making the assault; and it could not be inferred from this allegation that the assault was made by procurement or inducement. As to the ground in which the complaint is made that the indictment failed to charge in what manner the broken glass was deposited, it is enough to say that the indictment charged that the ground glass used by the defendant was deposited in certain collard greens and corn bread, which were administered to the prosecutor. The manner in which the broken glass was administered to the prosecutor, the ownership of the collard greens and corn bread, and whether they were cooked or not, were, of course, wholly immaterial to the guilt or innocence of the accused; and for this reason the fifth, sixth, and eighth grounds of the demurrer were without merit, and as the indictment alleged that the glass was deposited in the collard greens and actually administered to the prosecutor, it would be, in the view that we take of the case, immaterial whether the prosecutor partook of the deadly eatables or desisted, not on account of the defendant, but through the intervention of some one else, or on account of his own timely discovery of the peril to which he was exposed. The court ruled correctly in overruling the general demurrer. The indictment under review when the case was here

before charged that Jule Leary "unlawfully, feloniously and with malice aforethought, did put broken glass into the collard greens and corn bread of Lucius Zeigler, the said broken glass being a weapon likely to produce death, and the said broken glass being then and there deposited in said collard greens and corn bread with the intent then and there to cause the said Lucius Zeigler to eat the same, and the said acts in and upon the said Jule Leary did thereby make an assault with the intent the said Lucius Zeigler to kill and murder, and the said Jule Leary with said broken glass which he then and there deposited as aforesaid did unlawfully, feloniously, and with malice aforethought, attempt to kill the said Lucius Zeigler." In the indictment now before us it is charged that "Jule Leary unlawfully, feloniously, and with malice aforethought, and with certain broken, ground up, and shivered glass, which was then and there deposited by the said Jule Leary in certain collard greens and corn bread, and then and there administered to one Lucius Zeigler, a human being in the peace of the State, and the said broken, ground up and shivered glass being then and there a weapon likely to produce death, in and upon one Lucius Zeigler, a human being in the peace of the State then and there being, did make an assault with the intent the said Lucius Zeigler to kill and murder. And the said Jule Leary, with said broken, ground up, and shivered glass, which he, the said Jule Leary, then and there deposited in said collard greens and corn bread, for the purpose of administering the same to said Lucius Zeigler, and did actually administer the same to said Lucius Zeigler, did then and there unlawfully, feloniously, wilfully, and of his malice aforethought, administer and cause to be administered the said ground up, broken, and shivered glass unto the said Lucius Zeigler, with the intent and purpose aforesaid, contrary to the laws of said State, the good order, peace, and dignity thereof." In passing upon the sufficiency of the indictment in the former case, we held that it was bad because it was not alleged that the intended victim partook of the food containing the bits of glass, or that the accused administered glass to the victim with intent to kill him, and that the demurrer to the indictment should have been sustained, because an indictment which charges merely that the accused put broken glass into the intended victim's food, with intent that he should eat it, was insufficient to charge an assault with intent to kill, and that the acts then related

fell under the ruling in *Peebles* v. *State,* 101 *Ga.* 585 (28 S. E. 920). The indictment now before us does not charge that the intended victim partook of any of the food in which the glass was contained, but it is plainly alleged that the accused administered the ground or shivered bits of glass with the intent to kill the prosecutor, and we think this is sufficient, because, as counsel for the plaintiff in error insists, "there can be no administration of it unless the victim partakes of the substance containing the poison." *Leary* v. *State,* 13 *Ga. App.* 629 (79 S. E. 584). When this case was here before, Judge Pottle, delivering the opinion of this court, in ruling upon the demurrer, said: "The indictment in the present case does not allege either that the intended victim partook of the food containing the bits of glass, or that the accused administered glass to the victim with the intent to kill him. The effect of the ruling in the *Johnson* case, as explained and restricted by the decision in the *Peebles* case, is that in cases of this character there can be no assault unless the poison is administered to the victim, and there can be no administration of it unless the victim partakes of the substance containing the poison." By calling attention to the fact that the indictment then before us omitted to allege either that the intended victim partook of the food containing the glass, or that the accused administered the glass, we intended to make plain that an allegation either that the, victim partook of the glass or that the accused administered the glass (in either case with the intent to kill the intended victim) would cure the defect pointed out in the indictment then before us, and the statement that there can be no administration of poison (or other deadly substance), unless the victim partakes of the substance containing the poison, was, as clearly understood by the trial judge, a statement that in legal significance the word "administer" includes the thought that the person intended to be assaulted partook of the deleterious substance by means of which it was sought to accomplish his death. In other words, the poison or other deadly element can not be said to have been administered, unless it is introduced into the body of the intended victim, either with or without his knowledge. In the case of *Johnson* v. *State,* 92 *Ga.* 37 (17 S. E. 974), the Supreme Court sustained an indictment which, except in the added allegation that the deadly substance was administered, was substantially in the terms of a former indictment, which had been held

defective. In that case the substance alleged to have been administered was poison, instead of glass, but the charge was simply that the accused "administered" poison, and upon the point, now raised as to the indictment in the present case, that the indictment failed to allege also that the intended victim partook of the food containing glass, Justice Lumpkin said: "No person of ordinary common sense would have any difficulty in understanding that the indictment means to charge an attempt to take the life of Mr. Romare by introducing a deadly poison into his stomach, and this, under the above-cited section, is sufficient." The charge in the indictment now before us, that the broken glass was administered, includes an allegation that the glass was introduced into the stomach of the prosecutor in this case, and for this reason the court did not err in overruling the general demurrer.

2. For the same reason which constrained us to approve the judgment upon the demurrer, we think that the court erred in overruling the motion for a new trial, for it is plain, from the uncontradicted evidence in the record, that the prosecutor, Lucius Zeigler, saw the glass in his dinner bucket almost as soon as he opened it for the purpose of eating his noonday meal, and that he desisted from eating any of the food, and, under the ruling in the *Johnson* case, supra, as well as under the rulings of the Supreme Court in *Peebles* v. *State,* supra, *Groves* v. *State,* 116 *Ga.* 516 (42 S. E. 755 59 L. R. A. 598), and *Chelsey* v. *State,* 121 *Ga.* 340 (49 S. E. 258), (following the ruling in Regina *v.* Button, 8 C. & P. 660), the State failed to prove the case as laid, and the conviction of the accused was unwarranted by the evidence. If the question were an open one, the soundness of the rulings we have cited might, in the opinion of the writer, be gravely questioned, but our personal opinion is of no consequence, since the point has been squarely ruled in decisions which are binding upon us. This renders any discussion of this point unnecessary; and also, since this point is controlling, it would be profitless to deal with other assignments of error. Viewing the evidence in the record in the light of the rulings of the Supreme Court, above referred to, the defendant must be granted a new trial, for the reason that the jury were not authorized to convict him of assault with intent to murder, in the face of the positive and uncontradicted evidence that his design was de-

fcated because the presence of the glass in the food was discovered before the intended victim had eaten any of it.  *Peebles* v. *State,* supra.                       *Judgment reversed.  Judge Roan, absent.*