18243. SPRINGER *v.* THE STATE.

18252. BATTLE *v.* THE STATE.

There being no evidence of a specific intent to kill in the operation of the automobile by which it was alleged the assault in question was committed, a conviction of assault with intent to murder was unauthorized.

Decided July 26, 1927. Rehearing denied August 12, 1927.

Assault with intent to murder; from Morgan superior court—Judge Park. April 25, 1927.

From the evidence it appeared that an eleven-year-old boy walking on the left side of the highway and carrying a sack of stovepipe on his back was struck from behind by an automobile. The only eye-witness who testified to this was the boy himself. He swore that late in the afternoon of October 19 a closed unlighted car was approaching behind him, "going pretty fast," that when he heard it he was off the pavement about a foot or two and got farther away, and was off it when he was hit, and that he did not remember anything that happened there after he was hit. He was unconscious when found in the road. There was evidence that the car had left the pavement about three feet before it struck the boy, and that the point at which he was struck was about five or six feet beyond a cross street. The defendants, Mrs.

*Homicide, 30 C. J. p. 20, n. 18.*

Springer, and her chauffeur, Frank Battle, were seen in her auto-mobile, the chauffeur sitting at the steering wheel and she sit-ting next him, at a place some distance beyond on the highway, and there was evidence tending to show that this was the automo-bile that struck the boy. It was testified that she said it was possible that her car could have struck him; that Frank Battle was driving in accordance with her directions, and the car was going thirty or thirty-five miles an hour on that part of the road.

The solicitor-general, in his motion for a rehearing, cited: Ga. L. 1921, pp. 256-7, sections 2 and 3, Penal Code (1910), §§ 67, 31; *Dennard* v. *State,* 14 *Ga. App.* 485; *Collier* v. *State,* 39 *Ga.* 32; *Gallery* v. *State,* 92 *Ga.* 463.

*John C. Lewis,* for plaintiffs in error.

*Joseph B. Duke, solicitor-general,* contra.

BROYLES, C. J. Under repeated rulings of the Supreme Court and this court, an essential ingredient of the offense of assault with intent to murder is the *specific intent to kill.* In neither of the instant cases was there *any* evidence, direct or circumstantial, showing or tending to show such an intent on the part of the ac-cused. Furthermore, there was *no* evidence authorizing even a finding that either of the defendants *intentionally* committed the assault with which they were charged; and the trial judge in-structed the jury in the *Springer* case that the State did not con-tend that either Mrs. Springer or Battle (the two defendants) *intentionally* made the assault. The same instructions could have properly been given in the *Battle* case. It follows that the ver-dict in each case for assault with intent to murder was unau-thorized, and that the court erred in each case in refusing the grant of a new trial.

*Judgments reversed. Luke and Bloodworth, JJ., concur.*