WRIGHT *v.* THE STATE.

No. 6950. June 13, 1929.

*Allen & Pottle,* for plaintiff in error.

*Joseph B. Duke, solicitor-general,* contra.

HINES, J. ■ The defendant was charged with the offense of an assault with intent to murder, the substance of which is set out in the question propounded to this court by the Court of Appeals, preceding this opinion. Was the indictment subject to demurrer upon the ground that it failed to charge that the alleged assault was made with intent to kill, or for the reason that it failed to charge that the motor-vehicle alleged to have been driven by the accused was a weapon or instrumentality likely to produce death? "An assault with intent to murder, by using any weapon likely to produce death, shall be punished by imprisonment and labor in the penitentiary not less than two years nor longer than ten years." Penal Code, § 97. A specific intent to kill is an essential ingredient of the offense of assault with intent to murder. *Patterson* v. *State,* 85 *Ga.* 131 (11 S. E. 620, 21 Am. St. R. 152); *Gilbert* v. *State,* 90 *Ga.* 691 (16 S. E. 652); *Lanier* v. *State,* 106 *Ga.* 368 (32 S. E. 335); *Kimball* v. *State,* 112 *Ga.* 541 (2) (37 S. E. 886); *Napper* v. *State,* 123 *Ga.* 571, 573 (51 S. E. 592). The specific intent to kill being an essential element of the offense of assault with intent to commit murder, both under the section of the code defining this offense and under the decisions of this court, the indictment should allege the specific intent to kill. It is a well-recognized rule that every indictment must charge every essential ele-

ment of an offense. But it may·be said that the defendant was operating the automobile unlawfully, being under the influence of intoxicating liquors and drugs, and operating it at a speed in excess of that permitted by law, and that in these circumstances the specific intent to kill will be presumed. There is some ground for this contention, under the decision in *Collier* v. *State*, 39 *Ga*. 31 (99 Am. D. 449) ; but that case has not been followed, and has been practically overruled by the subsequent decisions of this court. When an "involuntary killing shall happen in the commission of an unlawful act which, in its consequences, naturally tends to destroy the life of a human being, . . the offense shall be deemed and adjudged.to be murder." Penal Code, § 67. But where death does not follow upon the commission of an unlawful act, it will not be presumed that it was the intent of the accused to kill. In *Patterson* v. *State*, supra, this court held that " On a trial for assault with intent to murder, it was error to charge the jury that if the assault was made with a weapon likely in its nature to produce death, the law presumes that it was made with intent to murder." In the opinion it was said : "Where death takes place from unlawful violence, malice includes an intention to kill. . . But where death does not take place, there may be malice in giving the wound, but utter absence of intention to kill. The law will impute the intention to kill where there is a killing, but not where there is none." To the same effect are the decisions in *Gallery* v. *State*, 92 *Ga*. 463 (17 S. E. 863), *Stovall* v. *State*, 106 *Ga*. 443, 447 (32 S. E. 586), *Harris* v. *State*, 120 *Ga*. 167 (47 S. E. 520), and *Napper* v. *State*, supra. It follows that this indictment, as one charging the offense of an assault with intent to murder, was bad for lack of an allegation that the accused intended to kill; and for this reason the accused could not be put upon trial for the offense charged, in the absence of such allegation.

■ Was the indictment subject to be. quashed because it failed to charge that the automobile was a weapon or instrumentality likely to produce death? Section 97 of the Penal Code is as follows : "An assault with intent to murder, by using any weapon likely to produce death, shall be punished by imprisonment and labor in the penitentiary for not less than two years nor longer than ten years." As an original proposition it can be plausibly urged that under this section the· offense of an assault with intent to murder can only be

committed by the use of a weapon likely to produce death, and that in consequence the use of a weapon likely to produce death is an essential ingredient of the offense which must be alleged in an indictment therefor. This contention is more plausible and reasonable when it is remembered that by the common law an assault with intent to commit murder was not a felony, but was regarded as a serious or aggravated misdemeanor. In view of this fact it can be urged, with some show of reason, that when the legislature made an assault with intent to murder by the use of a weapon likely to produce death a felony, it intended to make the use of such weapon an essential element of the offense, which must be alleged and proved in any case in which one is indicted under this section of the Penal Code. But this court has put a different construction upon this section. In *Monday* v. *State, 32 Ga.* 672, the defendant was charged with the offense of an assault with intent to murder. The indictment did not allege that the assault was made with a weapon likely to produce death. It did not set forth how or in what manner the assault was inflicted, or with what instrumentality it was made. The evidence disclosed that the assault was perpetrated by the choking of the person assaulted by the defendant. The defendant was convicted. The defendant moved in arrest of judgment, because: (a) It is apparent, upon the face of the indictment, that no deadly weapon was used by the prisoner. (b) The indictment does not allege that the assault was committed with any instrument or weapons, or hands or fists, or anything else, with which such an offense can be committed, the indictment simply stating that the prisoner committed an assault with intent to murder, without stating how or in what manner, or by the use or employment of what means, or of any means. The court overruled the motion in arrest. The defendant assigned error on that ruling, and on the overruling of a motion for new trial upon the ground, among others, that the court erred in charging the jury that while an assault with intent to murder is usually manifested by the use of some deadly weapon, "yet the offense of an assault with intent to murder might be committed without a weapon likely to produce death." In his motion in arrest of judgment the defendant made the point that the indictment was fatally defective in that it failed to allege that the assault was made with a weapon likely to produce death. In his motion for new trial he excepted

to the charge to the effect that an assault with intent to commit murder could be committed without the use of such weapon. This court overruled this contention of the defendant, holding that "an assault with intent to murder might be committed without the use of a weapon that would be likely to produce death."

The ruling in *Monday's* case was followed in *Johnson* v. *State,* 92 *Ga.* 36, 38 (17 S. E. 974), where this court said: "Poison introduced into the stomach is not, accurately speaking, a weapon, if, indeed, it may be called a weapon at all; but nevertheless we are of the opinion that an assault with intent to murder may be committed by administering poison in this manner. In *Monday* v. *The State,* 32 *Ga.* 672, this court held that an assault with intent to murder might be committed without the use of a weapon of any kind. In that case the homicide was attempted by choking. In a sense, the strong hands of the assailant might be regarded as natural weapons, like the claws of a lion, or the fangs of a serpent; but the indictment did not allege the use of any weapon whatever. There is very little substantial difference between assault with intent to murder and an attempt to murder, and we do not now recall any case in this State where an attempted homicide, done in malice, has been technically charged in an indictment as an 'attempt to murder.'" In *Walker* v. *State,* 124 *Ga.* 440, 441 (52 S. E. 738), this court said: "It is not essential to the validity of every indictment for assault with intent to murder that it allege that the assault was committed with a weapon likely to produce death; for, as was pointed out in *Monday's* case, 32 Ga. 672, and *Johnson's* case, 92 *Ga.* 38 (3), the offense may be committed without the use of any weapon at all." Again in *Paschal* v. *State,* 125 *Ga.* 279, 280 (54 S. E. 172), Mr. Justice Evans, speaking for this court, said: "The offense of assault with intent to murder may be committed without the use of a weapon likely to produce death, or without any weapon at all, if the assault be made to kill unlawfully, with malice aforethought." These rulings seem to be in harmony with the rule at common law. "It is not essential to an assault with intent to commit murder that a deadly or dangerous weapon shall have been employed, unless the statute so requires, nor need any weapon at all have been used. Thus, trying to choke, or suffocate and drown another, or the sending of a box containing explosives which explodes when opened, has been held to constitute an assault with

intent to murder. So abandoning a newborn child to the elements, or throwing a deformed and helpless person to the ground and leaving him there exposed to the inclemency of the weather, may constitute the offense." 30 C. J. 17 (§ 160) b. In view of the foregoing decisions of this court, which seem to be in harmony with the weight of authorities, we are of the opinion that this indictment was not subject to be quashed on the ground that it did not allege that the assault was made with a weapon likely to produce death.

Furthermore section 97 was not intended to define what constitutes the offense of an assault with intent to commit murder. To ascertain what constitutes this offense we will have to look to the common law and the decisions of this court, which define this offense and point out its essential elements. We can not get this definition or ascertain the essential elements of this crime from this section of the code. The purpose of this section was to change the grade of the offense from that of a misdemeanor to that of a felony. This being its purpose, it does not change the common-law elements of the offense of an assault with intent to commit murder. It does not create a new statutory offense, but adopts the common-law offense of an aggravated assault with intent to commit murder, and changes the grade of the offense from that of a misdemeanor to that of a felony. Such adoption and change of punishment do not change the common-law elements of the offense. 16 C. J. 15 (§ 158) A 1. We think that a contrary ruling must be based upon too narrow a definition of the words "deadly weapon" as used in this section of the Penal Code. They should be held to include all means or instrumentalities by which assaults with intent to commit murder can be made.

■ We have held that the indictment in this case, as one for an assault with intent to commit murder, is defective in that it fails to charge a specific intent to kill. For this reason the defendant can not be tried thereon for the offense of an assault with intent to commit murder. By this we are not to be understood as holding that the indictment should be quashed. Under this indictment the defendant can be tried for an assault and battery. For this reason it should not be quashed, if the prosecuting attorney should decide to prosecute the defendant for assault and battery.

*Beck, P. J., and Hill and Gilbert, JJ., concur.*

ATKINSON, J., concurs in the ruling first stated, but not in all

that is said in the first part of the opinion; and dissents from the ruling announced in the second division.

An assault is an attempt to commit a violent injury on the person of another (Penal Code (1910) § 95), and is punishable as a misdemeanor. § 96. An assault with intent to murder necessarily involves an intent to kill (*Patterson* v. *State*, 85 *Ga.* 131, supra), and, if committed by use of a weapon likely to produce death, is a felony punishable by confinement in the penitentiary for not less than two years nor longer than ten years. Penal Code (1910), § 97. At common law all assaults with intent to commit felony were classed as misdemeanors. 2 Wharton's Criminal Law (11th ed.), 1051, § 838; 13 R. C. L. § 102; Hall *v.* State, 9 Fla. 203 (76 Am. D. 617). Penal Code § 97 is a departure from the common law. The language of that section first appeared in the act approved December 22, 1840 (Ga. L. 1840, p. 140), and has been contained in the several codes since adoption of that act. Provisions quite similar were contained in § 39, Division 5, of the Penal Code of 1816 (Ga. L. 1816, pp. 142, 152) ; also § 39, Division 4, in the Penal Code of 1817 (Ga. L. 1817, pp. 92, 101) ; also § 43, Division 4, in the Penal Code of 1833 (Ga. L. 1833, pp. 143, 153). According to the act of 1816, any assault with intent to commit murder in this State by use of a weapon likely to produce death was a felony. Other classes of assaults with intent to commit murder otherwise than by use of a weapon likely to produce death were not made felonies. This distinction was no doubt in the mind of Mr. Justice Candler in *Walker* v. *State*, 124 *Ga.* 440 (supra), when he stated that it is not essential to the validity of "every indictment" for assault with intent to murder to allege that the assault was committed with a weapon likely to produce death. The offense of assault with intent to commit murder must have all the elements of murder, except death of the victim. *Jackson* v. *State*, 51 *Ga.* 402. The offense being of the character mentioned, the intent to kill and murder is of the essence of the crime, and being so must be alleged in the indictment. 2 Wharton's Criminal Law (11th ed.), 1051, § 839; 2 Enc. Pl. & Pr. 851; 2 R. C. L. § 48. For similar reason, where the offense is committed by use of a weapon likely to produce death, such character of the weapon is of the essence of the felony, and must be alleged in the indictment. An automobile, while not constructed for use as a weapon, may be used in such manner

as would likely produce death, and consequently when employed as an instrument with which to commit an assault, may be characterized as a deadly weapon. Where an automobile is so employed in the commission of a felonious assault with intent to murder, the indictment must allege it to be a weapon likely to produce death. In this case the indictment, being for felonious assault with intent to murder, was subject to be quashed on both grounds of demurrer: (a) that it failed to allege an intent to kill, and (b) failed to allege that the automobile was a weapon likely to produce death.

RUSSELL, C. J., concurs in the dissenting opinion of Mr. Justice Atkinson.