### 19246. WRIGHT *v.* THE STATE.

BLOODWORTH, J. "1. A specific intent to kill is an essential ingredient of the offense of assault with intent to commit murder, and the indictment should allege such intent.

"2. 'An assault with intent to murder, by using any weapon likely to produce death, shall be punished by imprisonment in the penitentiary for not less than two years nor longer than ten years.'

"(a) While an assault with intent to commit murder is usually manifested by the use of some deadly weapon, yet the offense of an assault with intent to commit murder may be committed without a weapon likely to produce death.

"(b) The indictment in this case is not subject to be quashed on the ground that it does not allege that the assault was made with a weapon likely to produce death.

"(c) Section 97 of the Penal Code was not intended to define what constitutes the offense of assault with intent to commit murder, nor to create a new statutory offense, but adopted the common-law offense of an aggravated assault with intent to commit murder, and changed the grade of the offense from that of a misdemeanor to that of a felony.

"(d) The words 'deadly weapon' in said section include all means or instrumentalities by which assault with intent to commit murder may be made.

"3. While, under this indictment, the defendant can not be tried for the offense of an assault with intent to commit murder, for the reason assigned in the first division of the opinion, he can be tried for an assault and battery, and for this reason it should not be quashed." 

This case was certified to the Supreme Court, and the foregoing are the headnotes to the opinion of the Supreme Court. For full opinion see 168 *Ga.* 690 (148 S. E. 731). Under the above-stated rulings the court properly refused to quash the indictment, and the verdict is contrary to law. It is not necessary to consider the special grounds of the motion for a new trial.

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*

DECIDED JULY 9, 1929.

*Allen & Pottle,* for plaintiff in error.

*Joseph B. Duke, solicitor-general, Erwin Sibley,* contra.