22607. GRESHAM *v.* THE STATE.

BROYLES, C. J. 1. One can not legally be convicted of an assault with intent to murder unless the evidence shows that the assault was committed with the specific intent to kill the person assaulted. "When an 'involuntary killing shall happen in the commission of an unlawful act which, in its consequences, naturally tends to destroy the life of a human being . . the offense shall be deemed and adjudged to be murder.' Penal Code, § 67. But where death does not follow upon the commission of an unlawful act, it will not be presumed that it was the intent of the accused to kill." *Wright* v. *State,* 168 *Ga.* 690 (1), 692 (148 S. E. 731), and cit.

2. In the instant case the defendant was convicted of an assault with intent to murder, under an indictment which charged that he committed an assault, with the intent to kill, upon Charlie Arnett, by driving an

automobile against and over the body of said Arnett. The evidence authorized a finding that the accused, while under the influence of intoxicating liquors, drove his automobile against Charlie Arnett and seriously injured him. However, there was no evidence, either direct or circumstantial, adduced upon the trial that authorized the jury to find that the defendant drove the car against Arnett *with the intent to kill* him. Furthermore, the evidence did not even authorize a finding that the defendant *intentionally* struck Arnett with the car. It follows that the verdict was not supported by the evidence, and that the trial court erred in refusing to grant a new trial. See *Springer* v. *State,* 37 *Ga. App.* 154 (139 S. E. 159); *Smith* v. *State,* 39 *Ga. App.* 552 (2) (147 S. E. 781); *Wright* v. *State,* supra.

*Judgment reversed. Hooper, J., concurs. MacIntyre, J., not presiding.*

DECIDED NOVEMBER 17, 1932.

*Hugh E. Combs,* for plaintiff in error.
*M. L. Felts, solicitor-general,* contra.