## 30073. WOOD v. THE STATE.

Decided May 22, 1943. Rehearing denied May 29, 1943.

*W. G. Neville, Cohen Anderson, Randall Evans, Jack D. Evans,* for plaintiff in error. *Fred T. Lanier, solicitor-general,* contra.

BROYLES, C. J. (After stating the foregoing facts.)

While the offense charged was denominated in the indictment as an "assault," the facts set forth therein show that it was actually an assault and battery, and it is well settled that in such a case the facts and not the denomination determine what particular offense is charged. And it is conceded in the brief of counsel for the accused that the facts set forth in the indictment show "a completed battery." The indictment was not subject to special demurrer because it failed to give the exact name of the gas which the defendant was alleged to have released. Under the facts of the case, as set out in the indictment, the allegation that the name of the gas was not known to the grand jurors was sufficient. Nor was the indictment subject to the general demurrer. And the lan-

guage in that part of the indictment which charged an *attempt* to commit an injury upon Elvin Mitchell was mere surplusage and should be treated as such. In Black's Law Dictionary surplusage in pleading is thus defined: "Allegation of matter wholly foreign and impertinent to the cause. All matter beyond the circumstances *necessary* to constitute the action." (Italics ours.) Without the allegation as to an attempt, the indictment sets forth the offense of assault and battery, and upon the trial, if the evidence failed to show an assault and battery but showed an attempt to commit such offense, the defendant could be convicted of such attempt. Therefore the allegation of such attempt was entirely unnecessary in the indictment and was mere surplusage. The cases cited in behalf of the defendant which hold that where an indictment sets out an offense as committed in a particular manner the proof must support the allegations thus made, even though the offense be stated with unnecessary particularity, are not applicable to the facts of this case. *Judgment affirmed. Gardner, J., concurs.*

MacIntyre, J., concurring specially. "An assault is an attempt to commit a violent injury on the person of another." Code, § 26-1401. "Battery is the unlawful beating of another, and is a misdemeanor." Code, § 26-1408. "An indictment for assault and battery, which charges that the accused made an assault [or attempt to commit a violent injury] upon a named person and him did unlawfully beat, is sufficiently specific in reference to the assault and beating, though it does not allege what acts constituted the assault nor in what manner the beating was done." *Sims v. State,* 118 *Ga.* 761 (45 S. E. 621). If, as in the instant case, the pleader, instead of using the word "assault," substitutes therefor the identical words of the Code in the definition of an assault, as shown by the brackets above, to wit, "attempt to commit a violent injury" upon a named person, I think the pleader is, nevertheless, but following the form of indictment for an assault and battery which was followed by our criminal pleaders in the early history of this State and which has been uniformly followed to the present time, which is that the accused, on a given date in a named county, "then and there unlawfully and with force and arms, in and upon [a named person], in the peace of said State then and there being, did make an assault, and him, the said [named person], unlawfully and with force and arms did beat, contrary to the laws of said State." *Sims v. State,* supra.

While the indictment misnames the crime charged as an assault, when it should have been named an assault and battery, yet the charging part of the indictment, which alleges the facts that constituted the essential elements of an assault and battery, is in proper form, as it follows common-law precedents as well as precedents which have been approved in this country for more than one hundred years. *Sims* v. *State,* supra.

I think the charging part of the indictment, which seeks to set out the essential elements of the offense of assault and battery, is in proper form just as it stands.

ON MOTION FOR REHEARING.

BROYLES, C. J. Counsel move for a rehearing of this case and a reconsideration of our holding that "The indictment was not subject to special demurrer because it failed to give the exact name of the gas which the defendant was alleged to have released. Under the facts of the case, as set out in the indictment, the allegation that the name of the gas was not known to the grand jurors was sufficient." And counsel cite in support of their motion *Walker* v. *State,* 124 *Ga.* 440 (52 S. E. 738), with the request that this court differentiate that case from *Sims* v. *State,* 118 *Ga.* 761 (supra), cited by Judge MacIntyre in his specially concurring opinion. The opinion in the *Walker* case was based on *Monday's* case, 32 *Ga.* 672, *Johnson's* case, 92 *Ga.* 38 (17 S. E. 974), and *Johnson's* case, 90 *Ga.* 441 (16 S. E. 92). In each of those four cases the accused was indicted for the offense of assault with intent to murder, while in the *Sims* case and the instant case the defendant was indicted for an assault and battery only, and Cobb, J., speaking for a united court in the *Sims* case, said: "This form of indictment for assault and battery was adopted by our criminal pleaders in the early history of this State, and has been uniformly followed to the present time [citing authorities]. Certainly an indictment which would be sufficient to withstand the scrutiny of a common-law pleader ought to be held sufficiently technical in the twentieth century. The rules laid down by Mr. Justice Lumpkin in *Johnson* v. *State,* 90 *Ga.* 441 (supra), in reference to the requirements to be met in framing an indictment for assault with intent to murder, have never, either at common law or in this State, been applied to indictments for assault and battery."

*Rehearing denied. MacIntyre and Gardner, JJ., concur.*