## 30140.   STOCKTON *v.* THE STATE.

DECIDED OCTOBER 4, 1943.

18

*Joe Quillian,* for plaintiff in error.

*Hope D. Stark, solicitor-general,* contra.

GARDNER, J. ■ The order of March 29, 1943, apparently dealt with sentence number 2350. We therefore assume, since the two sentences of August 11, 1942, were to run consecutively, that

sentence number 2350 was to be served first, with sentence number 2289 to follow. The trial court or the judge thereof is without authority, after the expiration of the term at which a sentence is imposed, to modify or change such sentence. In *Porter* v. *Garmony,* 148 *Ga.* 261 (96 S. E. 426), it was said: "Where one accused of a misdemeanor was convicted, and at the term at which the trial took place was sentenced to serve a term in the chaingang, and the accused carried the case by writ of error to the Court of Appeals, where the judgment of the lower court was affirmed, the trial court was without authority at a subsequent term, upon making the judgment of the appellate court the judgment of the trial court, to modify and change the sentence formerly imposed; and where he did pass an order modifying and changing the sentence, such order was void, as the court was without jurisdiction to alter the sentence originally imposed." In *Auldridge* v. *Womble,* 157 *Ga.* 64 (120 S. E. 620), it was held: "After the adjournment of the term of court at which a sentence is imposed, the judge is without authority to change and modify it. The principle of law contained in the decisions of this court, holding that after the adjournment of the term of court at which the sentence is imposed the judge cannot change and modify it, was not altered by the provisions of section 1 of the act relating to the probation of offenders in certain cases, approved August 16, 1913." In *Rutland* v. *State,* 14 *Ga. App.* 746 (82 S. E. 293), the ruling was, that "a new sentence can not be pronounced after the term has passed and the first or original sentence has been either wholly or in part complied with; and no amendment to the judgment can take place, where to allow it would require the passing of a new sentence." And in *Matthews* v. *Swatts,* 16 *Ga. App.* 208 it was said: "A judge has no authority to amend his judgment in any particular after the term of court at which it was passed has expired." As to the authority of the court to amend, correct, or revoke a sentence during the term of court in which it was rendered, see *Gobles* v. *Hayes,* 194 *Ga.* 297 (21 S. E. 2d, 624), presenting a learned discussion.

In view of the authorities cited, we are constrained to hold that the court erred in changing the place of service of the sentence in the manner specified. After the expiration of the term of court at which the original sentence is imposed it becomes a ques-

tion of the authority of the judge, and not a question of reducing the sentence, or equity, or a merciful attitude toward the defendant. The point is that the authority of the judiciary comes to an end in this respect, and the authority and pardoning power of the executive begins, aided by such commission or body as the legislature within the scope of its authority may establish.

■ As we have observed, in dealing with the second question, we assume that in his order of March 29, 1943, the judge was dealing with the sentence to be served first (of the two sentences imposed on August 11, 1942). Under the Code, § 27-2706, a suspended sentence has the effect of probating the defendant, as provided by the Code, § 27-2702. It follows that the defendant should have as a credit on his twelve-months sentence the time from August 11, 1942, until the date his sentence was revoked, March 29, 1943. This court dealt specifically with this question in the case of *Wood* v. *State,* 68 *Ga. App.* 43 (26 S. E. 2d, 140). *Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*