Decided May 2, 1933.

### 23010. BOWEN *v.* THE STATE.

10

*D. W. Mitchell,* for plaintiff in error.

*John C. Mitchell, solicitor-general,* contra.

BROYLES, C. J.   The second headnote only will be elaborated. The accused was tried on an indictment in two counts which charged involuntary manslaughter in the commission of an unlawful act. In one count the unlawful act charged was the driving by the defendant, while under the influence of intoxicating liquors, of an automobile upon a public highway.   In the other count the unlawful act charged was the driving of an automobile upon a public highway at a rate of speed greater than forty miles an hour.   The jury returned a general verdict of guilty, which in law meant guilty on both counts.   The evidence, while it authorized a finding that several persons, shortly after the homicide, smelt whisky on the defendant's breath, did not support the evident finding of the jury that he was to some extent under the influence of intoxicating liquors while he was driving the car at the time of the homicide. All the witnesses who testified that they smelt the odor of whisky on the defendant's breath swore also, in substance, that they could not say that he was to any extent under the influence of whisky or of any other intoxicating liquor.   This fact differentiates the case from *Hart* v. *State,* 26 *Ga. App.* 64, and *Chapman* v. *State,* 40 *Ga. App.* 725.   In each of these cases there was other evidence, in addition to the odor of whisky upon the defendant, which tended to show that he was to some extent under the influence of intoxicants.

As to the charge that the defendant was operating the automobile at an unlawful speed, the evidence was in sharp conflict, and would have authorized a finding that the car was being driven at a speed

less than forty miles an hour. There was some evidence, however, which authorized the jury to find that at the time of the homicide the defendant was driving the car upon a public highway at a speed in excess of forty miles per hour. It is well settled that where an indictment contains several counts, all charging the commission of the same felony, but in different ways, a general verdict of guilty is not contrary to the evidence if any one of the counts be supported by proof. The second headnote in *Parham* v. *State*, 3 *Ga. App.* 468, is as follows: "Where an indictment charges one offense committed in different ways, in several counts, a conviction on one or some of the counts, supported by sufficient legal proof, will be upheld. A proper conviction on one count will not be set aside because of an unwarranted conviction on another count. The verdict on the latter can not harm the defendant; for the punishment is the same whether the conviction is sustained on one count or on more than one count." In *Fry* v. *State*, 141 *Ga.* 789, it was held: "Where there were four counts in an indictment, all charging the commission of the same felony, but in different ways, a general verdict of guilty was not contrary to evidence if any one of the counts was supported by proof, and it was not necessary that the verdict specify upon which count it was rendered. *Stewart* v. *State*, 58 *Ga.* 577; *Dohme* v. *State*, 68 *Ga.* 339. See *Williams* v. *State*, 69 *Ga.* 11 (8)." See also *Nobles* v. *State*, 98 *Ga.* 73, 78.

The evidence authorized the verdict, and the refusal to grant a new trial was not error.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*

ON MOTION FOR REHEARING.

BROYLES, C. J. The indictment alleged that the defendant, at the time of the commission of the offense charged, was operating a motor-vehicle on "that road or highway known as the Dixie Highway, being State Route number three, at a speed in excess of forty miles per hour." In a motion for a rehearing the plaintiff in error alleges that no evidence was adduced upon the trial showing that he was operating the automobile upon the "Dixie Highway," as charged in the indictment. There is no merit in this contention. While no witness stated, *in totidem verbis*, that the defendant was driving the car upon the "Dixie Highway," the evidence was undisputed that he was operating it on the public highway that ran through Ringgold, Georgia, to Chattanooga, Tennessee; and the

12

defendant made no attempt to prove that such highway was not the "Dixie Highway." This court will take judicial cognizance of the well-known fact that the road or highway running through Ringgold, Georgia, and on to Chattanooga, Tennessee, is a part of the highway of this State known as the "Dixie Highway." See, in this connection, *Culver* v. *State*, 40 *Ga. App.* 273 (2).

*Motion denied.* *MacIntyre and Guerry, JJ., concur.*