## 33979.   McGRAW *v*. THE STATE.

Decided March 21, 1952—Rehearing denied April 4, 1952.

858

*Bobbie Lee Cook, Harris, Henson & Gower,* for plaintiff in error.

*John W. Davis, Solicitor-General, Wright, Rogers, Magruder & Hoyt,* contra.

GARDNER, P.J. 1. The defendant, in his motion to require the State to elect, avers that the offense charged in count 1 of the indictment is based upon and must be supported by the same evidence and grows out of the identical overt acts which the State relies upon to support the charge in count 3, and that therefore the same offense is set out in count 1 as is set out in count 3. The defendant avers that to permit the State to prosecute him simultaneously on these counts subjects him to double jeopardy and subjects him to the penalties involved in count 1 and at the same time to those involved in count 3, upon a single state of facts, and would authorize two separate and distinct convictions because of the commission of a single overt act. The defendant contends that the State is not authorized to split a single cause of action by proceeding under two separate and distinct statutes and thereby subject him to a multiplicity of punishments on account of one offense; and that he is entitled to have the court require the State to elect whether it will proceed against him on the charges contained in count 1 or those in count 3. It was stipulated that each of the counts in the indictment grew out of and was predicated upon a single overt act on defendant's part, and the same proof was relied upon by the State for a conviction in each of the counts. The trial judge denied this motion.

We do not agree with the contentions and reasoning of the defendant in this motion and are of the opinion that the trial judge did not err in denying it. In *Stewart* v. *State,* 58 *Ga.* 577

(3), the Supreme Court ruled that, "Where there were six counts in one indictment, all charging the same felony, but in different ways, there was no error in refusing to compel the solicitor-general to elect on which he would proceed." In *Johnson* v. *State*, 26 *Ga.* 611, the Supreme Court held that, "If an indictment contain two counts varying the charges against the defendant for the commission of the same act, when, on the conviction of the defendant on either, the grade of punishment *may* be the same, the Attorney-General can not be compelled to elect on which count he will put him on trial." In *State* v. *Hogan, R. M. Charlton*, 474, it is stated that, where one felony is set out in various ways in the different counts to meet diversities in the proofs, no election of counts will ordinarily be required, but all will be left open for the jury to pass upon in their verdict. See also *Lascelles* v. *State*, 90 *Ga.* 347 (16 S. E. 945); *Jackson* v. *State*, 76 *Ga.* 551, 568; *Williams* v. *State*, 69 *Ga.* 11. The indictment here set out only the one offense, namely the homicide of Nellie Tucker, and the counts thereof stated the same in different ways for the purpose of meeting the facts of the case as might be shown by the evidence. The motion to require the State to elect was not well taken and the trial court did not err in overruling and denying the same. The defendant was not thereby subjected to double jeopardy or to more than one penalty for the same offense. He could be found guilty of only one homicide and be subjected to one punishment and sentence therefor. See also, generally, *Sutton* v. *State*, 124 *Ga.* 815, 816, (53 S. E. 381), and cases therein discussed.

2. The defendant demurred generally and specially to the indictment. In grounds 5, 6 and 7 thereof, the defendant demurs to count 3 upon the ground that the statute under which the indictment is drawn (Code, § 26-1009) violates art. 1, sec. 1, par. 3, art. 1, sec. 1, par. 9 and art. 1, sec. 1, par. 8, of the Georgia Constitution, in that the same provides for punishment for murder under a charge of involuntary manslaughter, authorizes capital punishment for acts done without any intent, and also authorizes the defendant's conviction more than once for the same offense in that it authorizes his trial and conviction under two separate statutes, to wit, Code §§ 26-1002 and 26-1009, on account of one and the same overt act. The defendant was found

guilty of involuntary manslaughter. It follows that it does not appear and it is not shown in these constitutional attacks made in the demurrer that this defendant was harmed by or subjected to the matters and things complained of therein. These attacks are insufficiently made.

The defendant also earnestly insists that the indictment generally and each count, and particularly counts 1 and 3 thereof, are demurrable because no criminal offense is set out, and because it is not alleged that the death of the deceased was the natural and probable consequence of the use by the defendant of the instrumentality alleged, the automobile, and that the same was not such an act, when so coupled with the use of said automobile, as might be reasonably expected to produce the death of the deceased woman as a natural and probable consequence thereof.

We do not think that the indictment and the counts thereof attacked were subject to the demurrers, general and special, urged by the defendant thereto. The indictment sets forth the manner in which the automobile was used to cause Nellie Tucker's death. In count 1 it is set out that the defendant overturned the automobile upon the deceased and thereby inflicted upon her a mortal wound. In count 2 it is charged that the defendant killed the deceased "in the commission of an unlawful act which, in its consequences, naturally tended to destroy the life of a human being, said unlawful act being that the said Roy McGraw did then and there wilfully and maliciously injure and destroy the automobile of Barbara Strickland, same being private property, by overturning the said automobile at a time when said automobile was occupied" by six named persons, including the deceased. In count 3 it is alleged that the defendant killed Nellie Tucker in the commission of an unlawful act, same being committed in the prosecution of a riotous intent, and same being that the defendant "did then and there unlawfully, and maliciously injure and destroy the automobile of Barbara Strickland, same being private property, by overturning the said automobile," and did thereby kill said deceased. The indictment was not defective in that it did not specifically allege that the automobile was a weapon likely to produce death. See *Wright* v. *State,* 168 *Ga.* 690 (2) (148 S. E. 731). This court will take judicial cognizance of matters of common and public knowledge. See Code, §

38-112; *Benton Rapid Express* v. *Sammons*, 63 *Ga. App.* 23, 29 (2) (10 S. E. 2d, 290). It is a matter of common knowledge that an automobile is a heavy metal vehicle, and that for it to be overturned upon the person of a female would likely crush and inflict serious or mortal wounds upon her. See *Benton Rapid Express* v. *Sammons,* supra, and *Rome Ry. &c. Co.* v. *Keel,* 3 *Ga. App.* 769 (60 S. E. 468), holding that "The courts are required to take notice of primary physical laws." The cases cited by the plaintiff in error (*Hunter* v. *State,* 147 *Ga.* 823, 95 S. E. 668, *Walker* v. *State,* 124 *Ga.* 440, 52 S. E. 738, *Taylor* v. *State,* 108 *Ga.* 384, 34 S. E. 2, and others) have been carefully read and considered, and they do not rule contrary to our holding here, but are in harmony therewith. It follows that the court did not err in overruling the defendant's general and special demurrers to this indictment.

3. In special grounds 1, 2, 3, and 5 of the motion for a new trial, the defendant assigns error upon certain excerpts from the charge, in which the court instructed the jury to the effect that, if they believed that the defendant killed the deceased with malice, they would be authorized to find him guilty of murder, and that, if they believed that the defendant was guilty of murder, as alleged in the indictment, and believed the same beyond a reasonable doubt, the form of their verdict would be "We, the jury, find the defendant guilty." It is contended that these excerpts were not correct and accurate statements of the law and were not authorized under the evidence. The defendant was found guilty, not of murder, not of voluntary manslaughter, but of involuntary manslaughter in the commission of an unlawful act. The principle of law to the effect where one is tried on an indictment for murder (which includes also the lesser offenses of voluntary manslaughter and of involuntary manslaughter), and the jury returns a verdict of involuntary manslaughter in the commission of an unlawful act, any error of law in the charge or anything, for that matter, which pertains to murder and voluntary manslaughter, the defendant cannot successfully assign error on any proceeding or principle of law, even though erroneous. This is true because the defendant was acquitted of the higher offenses, and any such errors as to the higher offenses become harmless. Charges, whether correct or not, are not

cause for a new trial when they are not prejudicial to the party complaining of them. See *Jackson* v. *State*, 16 *Ga. App.* 213 (3) (84 S. E. 974); *Dixie Freight Lines* v. *Transportation Inc.*, 53 *Ga. App.* 832 (187 S. E. 281); *Reeves* v. *State*, 66 *Ga. App.* 150 (2) (17 S. E. 2d, 299). In *Gray* v. *State*, 12 *Ga. App.* 634 (77 S. E. 916), it was held that, "Where, in the trial of one indicted for murder, he is convicted of involuntary manslaughter in the commission of an unlawful act, error in the judge's instructions . . on the law of murder, or of voluntary manslaughter, becomes immaterial."

4. Error is assigned in special ground 4 on this charge: "Now, you probably should render your verdict, if you should not find him guilty of murder, but do find him guilty of involuntary manslaughter, that would be on either count also, just like I told you about the murder, you could find him guilty of involuntary manslaughter on one count or two counts or three counts and you don't have to say which." In special ground 6 error is assigned on this charge: "I will state this, as I understand the law, you are not required to say on which count you find him guilty, and on which count you don't find him guilty, but just render a general verdict."

Neither of these charges was error for any of the reasons assigned. As we have seen, the State was not required to elect on which count it would proceed against the defendant. In a case where the counts in the indictment are different ways of charging the same offense, made for the purpose of meeting the facts of the case as might be shown by the evidence, "the verdict need not specify upon which count it was rendered." See *Stewart* v. *State*, supra, headnote 3. See also *Dohme* v. *State*, 68 *Ga.* 339, 341; *Fry* v. *State*, 141 *Ga.* 789 (82 S. E. 135); *Bowen* v. *State*, 47 *Ga. App.* 9, 11 (170 S. E. 104), and cit.

5. The evidence supported the verdict finding the defendant guilty of involuntary manslaughter in the commission of an unlawful act.

6. No error of law appearing from the exceptions pendente lite or from the special grounds of the motion for a new trial, and there being evidence to support the verdict, the court properly denied the defendant's motion for a new trial.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*