## 34806. ARNOLD *v.* THE STATE.

CARLISLE, J. 1. Where, upon his conviction in the Criminal Court of Fulton County for the possession of non-tax-paid whisky, the defendant applied for a writ of certiorari to the Superior Court of Fulton County on the ground that the State had failed to establish the venue of the case, and upon the hearing the State admitted its failure to establish the venue, it is proper for the superior court to sustain the certiorari and remand the case to the trial court for another trial, and it is not proper for the superior court in such a case to enter a final judgment therein, as in such a case the error complained of is not an error of law which

must finally govern the case, and it cannot be known with certainty that the evidence on another trial would be the same. *Cook* v. *City of Atlanta,* 6 *Ga. App.* 356 (64 S. E. 1107); *Seaboard Air-Line Ry.* v. *Blue,* 120 *Ga.* 228 (47 S. E. 569); *Grinstead* v. *City of Hawkinsville,* 26 *Ga. App.* 204 (105 S. E. 707); Code § 19-501.

2. In such a case, complaining of the failure to prove the venue, the petition for certiorari is in the nature of a motion for new trial, as it involved a question of the sufficiency of the evidence. *Raley* v. *Board of Civil Service Commission,* 61 *Ga. App.* 152, 153 (5 S. E. 2d 918); *Smith* v. *Williamson & Sons,* 43 *Ga. App.* 702 (159 S. E. 912); *State of Ga.* v. *Johnson,* 21 *Ga. App.* 320 (94 S. E. 325).

3. Where a defendant in a criminal case secures a new trial by his own efforts, he waives the right to plead former jeopardy because of the former trial. Code (Ann.) § 2-108; *Waller* v. *State,* 104 *Ga.* 505 (1) (30 S. E. 835); *Yeates* v. *Roberson,* 4 *Ga. App.* 573 (1) (62 S. E. 104); *McGee* v. *State,* 97 *Ga.* 360 (23 S. E. 831).

4. In order to permit the testimony of a witness, given on a former trial of the same case, to be introduced in evidence, there must be preliminary proof, satisfactory to the trial court, that the witness is deceased, disqualified, or inaccessible, and in the absence of such proof, the trial court does not abuse its discretion in refusing to allow the introduction of such evidence. *Williams* v. *Wolff,* 3 *Ga. App.* 737 (60 S. E. 357).

5. The Superior Court of Fulton County did not err in overruling and dismissing the defendant's second petition for certiorari based on the alleged errors indicated in the foregoing divisions of this opinion.

*Judgment affirmed. Gardner, P.J., and Townsend, J., concur.*

DECIDED SEPTEMBER 16, 1953.

*Endicott & Endicott,* for plaintiff in error.

*Paul Webb,* Solicitor-General, *John I. Kelley,* Solicitor, *C. O. Murphy, J. C. Tanksley,* contra.