### 57025. BUNGE v. THE STATE.

SHULMAN, Judge.

Defendant was found guilty of wilful failure to pay sales tax in violation of the Georgia Retailers' and

Consumers' Sales and Use Tax Act. See Code Ann. §§ 92-3451a and 92-9963. From that conviction, defendant appeals.

1. Appellant asserts error upon the trial court's denial of his motion for continuance. Appellant moved for a continuance on two grounds: (1) that he had insufficient time to prepare his case; and (2) that the disposition of pending civil litigation would be determinative of the issues involved in the case at bar.

A. Pursuant to Code Ann. § 27-2002, a motion for continuance is addressed to the sound discretion of the trial court. A determination of the sufficiency of time in which counsel has had to prepare for trial is within the sound discretion of the trial court, which judgment will not be interfered with unless abused. *Starr v. State,* 209 Ga. 258 (1) (71 SE2d 654). Appellant asserts no facts or allegations which would justify a finding that the trial court had abused its discretion in determining that appellant had sufficient time to prepare for trial. Thus, we find no justification for reversal on this ground. See *Atkins v. State,* 228 Ga. 578 (2) (187 SE2d 132).

B. Appellant's claim that the court erred in denying his motion for continuance, which motion was made on the ground that the case at bar could be rendered moot by pending litigation, is similarly without merit.

Although the civil litigation to which defendant refers will determine the present civil liability of another (specifically, Associated Grocers) to pay the taxes appellant is charged with wilfully failing to pay, a resolution of that suit will not similarly settle the issues in the case at bar. Appellant was found guilty of wilful failure to report or remit sales taxes for the months of May, June, July, and August of 1977. The contract, which allegedly obligated Associated Grocers to assume appellant's delinquent sales taxes (as partial payment for its purchase of appellant's grocery store), was entered into in August of 1977. Appellant's contentions notwithstanding, these subsequent actions or efforts to pay his delinquent taxes would not conclusively negate the wilfulness of his previous failure to pay his sales taxes. Since the outcome of the litigation pending against Associated Grocers is not determinative of appellant's

culpability, and since appellant's motion for a continuance was based on that litigation, we find that the trial court did not abuse its discretion in denying the motion.

2. Appellant maintains that under the second paragraph of § 92-3451a, liability for the payment of delinquent sales taxes does not attach until notice and demand are given by the tax commissioner or his delegate. Appellant contends that since he received notice after he had entered into the agreement with Associated Grocers, he cannot be charged with wilful failure to pay the sales taxes, as wilful intent must be proved at the time liability attaches. Appellant's reliance on § 92-3451a is misplaced.

The second paragraph of § 92-3451a, which prescribes the mode or method of payment of amounts owing to the State Revenue Commissioner upon a violation of § 92-3451a, reads as follows: "The liability herein prescribed shall be paid upon notice and demand by the commissioner, or his delegate, and shall be assessed and collected in the same manner as the tax in connection with which *the act,* or *failure to act,* under this section occurs or has occurred." (Emphasis supplied.) We disagree with appellant's interpretation of § 92-3451a and hold liability to have attached at the time appellant failed to report or remit his taxes as they became due and owing.

Liability attaches upon the act or failure to act; that is, to pay the sales taxes imposed under the Georgia Retailers' and Consumers' Sales and Use Tax Act at the time such taxes are due. Thus, liability attached upon appellant's failure, if wilful, to report or remit taxes for the months of May, June, July, and August, and not upon his receipt of notice and demand for payment.

3. Appellant contends that § 92-3451a provides for a civil remedy only, and that § 92-9963, which provides criminal penalties for violations of the provisions within Ch. 92-34A, is inapplicable to him in that he is not a "dealer" within the meaning of § 92-9963. Based on this contention, appellant argues that the court erred in denying his demurrer to the indictment and his motion for a directed verdict. As we cannot agree with appellant's

contentions, we must reject his conclusions.

A. The plain wording of § 92-3404a (4) which contains the definition of "dealer" militates against appellant's assertion. Under § 92-3404a (4), "dealer" is defined as "every person . . . [w]ho has sold at retail, or used, or consumed, or distributed, or stored for use or consumption in this state, tangible property. . ."

The evidence authorized a finding that the appellant, as president and treasurer of the corporation, "sold at retail" (see § 92-3404a (4)) and was thus a "dealer" within the meaning of Ch. 92-34A. Notwithstanding appellant's contrary assertions, the fact that the corporation may be a dealer is not mutually exclusive with a finding that appellant was also a dealer. Under the evidence as developed, the jury was authorized to find that the corporation's acts of selling at retail were also the acts of the appellant and that, consequently, appellant's acts came within the regulatory ambit of § 92-9963. The appellant cannot assert that "acts in form corporate acts were not his acts merely because carried out by him through the instrumentality of the corporation." *Bailey v. State*, 84 Ga. App. 839, 845 (67 SE2d 830).

B. As we find appellant to be a dealer within the meaning of § 92-3404a (4), we find no error in charging the appellant with violations of §§ 92-3451a and 92-9963 under the Georgia Retailers' and Consumers' Sales and Use Tax Act.

Under § 92-9963, a criminal penalty is imposed upon dealers who violate the provisions of Ch. 92-34A where a criminal penalty is not otherwise provided. No criminal penalty is provided in § 92-3451a. Bunge, a dealer within the meaning of § 92-3404a (4), was charged with violating § 92-3451a as an officer of his corporation. The fact that he is also a dealer brings him within the ambit of § 92-9963. We reject Bunge's claims that only officers and employees can violate § 92-3451a and that only dealers, not officers and employees, found to have violated the provisions of Ch. 92-34A are subject to criminal penalties under § 92-9963. Only dealers can be penalized under § 92-9963, but we have found Bunge to be a dealer, who as an officer of the corporation violated § 92-3451a. Since an officer or employee may also be a dealer, it is clear that a dealer can

violate § 92-3451a, though by definition only if he is also an officer or employee in charge (in accordance with the provision). It is true, as appellant asserts, that criminal statutes must be strictly construed, but that does not imply that such statutes are not subject to logical interpretation. We hold that Bunge, as a dealer and the officer in charge of the payment of sales taxes, was properly tried under § 92-9963 for his alleged violation of § 92-3451a.

4. Appellant complains that the court erred in refusing to allow the introduction of evidence regarding an agreement entered into between appellant and Associated Grocers, which agreement allegedly provided for Associated Grocers to pay the delinquent sales taxes. Evidence of a suit brought by the State Revenue Commissioner was similarly held inadmissible by the court. In response to appellant's argument, appellee submits that such evidence is irrelevant in that the violation of the Georgia Retailers' and Consumers' Sales and Use Tax Act with which appellant is charged, occurred in May, June, July, and August of 1977, whereas the agreement with Associated Grocers was not made until August of 1977. It is urged that appellant's subsequent attempts to provide for the payment of his delinquent sales taxes cannot obliterate the crime, or the wilfulness of appellant's actions.

While we agree that appellant's subsequent attempts at payment cannot eradicate past wilful failure to report and remit sales taxes, subsequent conduct may be relevant in determining whether such failure was wilful in the first instance. As this excluded evidence bearing on criminal intent was admissible, reversal is required.

"Where knowledge, motive, intent, good or bad faith, and other matters dependent upon a person's state of mind are involved as a material element in a particular criminal offense for which the defendant is on trial, and the defendant has engaged in a course of conduct at or about the same time the act in question was committed, and these transactions are such as to illustrate the state of the defendant's mind on the subject involved, proof of them may be received." *Curtis v. State,* 102 Ga. App. 790,

795 (118 SE2d 264).

Evidence which in connection with other evidence tends, however slightly, to prove, explain or illustrate a fact, even though it may not be sufficient, standing alone, to sustain a finding of such fact, is relevant, has probative value and is admissible as against objection as to its relevancy. "[D]oubt as to [relevancy] should be resolved in favor of admission and against exclusion, sufficiency not being a test or condition of admissibility." *Hardwick v. Price,* 114 Ga. App. 817 (1) (152 SE2d 905).

We find that the trial court's refusal to allow appellant to present evidence for the purpose of demonstrating lack of criminal intent, when his intent was at issue, constitutes harmful error.

In an argument related to this issue, appellant alleges that it was error for the court to allow the state to question the appellant regarding the payment of sales taxes on other stores owned by appellant. This evidence was properly admitted over appellant's objection, as such evidence was relevant in showing a common design, scheme, plan or purpose. See *Terry v. Fickett,* 199 Ga. 30 (8) (33 SE2d 163). Cf. *Tapley v. Youmans,* 95 Ga. App. 161 (7) (97 SE2d 365).

*Judgment reversed. Deen, C. J., and McMurray, J., concur.*

SUBMITTED JANUARY 8, 1979 — DECIDED APRIL 4, 1979 — REHEARING DENIED APRIL 30, 1979 —

*Mattox & Baldwin, A. Quillian Baldwin, Jr.,* for appellant.

*William F. Lee, Jr., District Attorney, D. Ray McKenzie, Jr., Assistant District Attorney,* for appellee.