69702. ATKINS v. THE STATE.
(333 SE2d 441)

Pope, Judge.

Appellant was charged by accusation with the offense of "driving under the influence." Although we have been provided no transcript of the trial, appellant admits that the result of an intoximeter test administered subsequent to his arrest showing his blood-alcohol content to be .16% was introduced as evidence at trial.

Appellant's sole enumeration cites error to the trial court's refusal to give his timely-filed request to charge to the effect that the presence of .12% or higher blood-alcohol content gives "rise to a mere presumption that a person is under the influence of alcohol as proscribed by law, which said presumption may be rebutted by other evidence in the case."

The confusion arising from this case originates in the accusation which charged appellant with "driving under the influence," that is, violating OCGA § 40-6-391 (a) (1), (a) (2), or (a) (3). This crime is driving or being in actual physical control of a moving vehicle while one's ability to drive safely is impaired by the influence of certain substances. The offending substances are alcohol and any drug, acting alone or together. See *Peters v. State,* 175 Ga. App. 463 (333 SE2d 436) (1985). Under the opinions in *Lester v. State,* 253 Ga. 235 (320 SE2d 142) (1984), and *Peters v. State,* supra, it is clear that OCGA § 40-6-391 (a) (4) sets forth a separate crime, driving or being in actual physical control of a moving vehicle while having a blood-alcohol content of .12% or more. This is a completed act. There is no necessity for a showing of impaired driving ability. Since the crime defined in subsections (a) (1), (a) (2), and (a) (3) requires somewhat different proof than the one established in subsection (a) (4), more specificity is needed in drawing the accusation and the trial court's charge to the jury should reflect the offense charged. For example, a person is arrested for driving under the influence of alcohol and the intoximeter test shows .16% blood-alcohol content. If the solicitor charges the driver with violating OCGA § 40-6-391 (a) (1), evidence of the ingestion of alcohol and the driver's impaired driving ability must be shown. The trial court's instructions to the jury must reflect this by including a charge on that impaired driving ability (incapable of driving safely or less safe driver). The presumptions provided in OCGA § 40-6-392 (b) (1, 2, 3) also come into play under an accusation charging a violation of OCGA § 40-6-391 (a) (1). However, § 40-6-392 (b) (4) is inapplicable to the offense of driving under the influence, so this

should not be charged.

Conversely, the same driver (blood-alcohol content .16%) may be charged instead with violating OCGA § 40-6-391 (a) (4), driving with a blood-alcohol content of .12% or higher. The State must then prove the fact of the driver's blood-alcohol content to have been .12% or higher, and, of course, as in OCGA § 40-6-391 (a) (1), that he was driving or in actual physical control of a moving vehicle. The trial court need not instruct the jury on the presumptions provided in OCGA § 40-6-392 (b) (1, 2, 3) which guide the jury in determining if the driver was "under the influence." Being "under the influence" of alcohol is simply not a part of the crime set forth in OCGA § 40-6-391 (a) (4). Instead, the trial court may instruct the jury employing the language of OCGA § 40-6-392 (b) (4): "If there was at that time .12% or more of weight of alcohol in the person's blood, the person shall be in violation of paragraph (4) of subsection (a) of Code Section 40-6-391." In other words, a showing of "point-twelve driving" is a per se violation of OCGA § 40-6-391 (a) (4).

The trial court in this case did charge that "a driver or operator of a motor vehicle is under the influence of alcohol when he is affected by alcohol to a degree which renders him incapable of driving safely." This comports sufficiently with the accusation charging appellant with "driving under the influence." Although authorized to instruct the jury on the "presumptions" provided in OCGA § 40-6-392 (b) (1, 2, 3), this was not done. (But see the cautionary discussion of the charge on these "presumptions" in this court's opinion in *Peters v. State*, supra at Division 2.) Rather, it appears that the trial court began to read to the jury from OCGA § 40-6-392 (b) to the effect that in a criminal action for violation of OCGA § 40-6-391 the amount of alcohol in the person's blood "shall give rise to the following *presumptions*: that if there was at the time [.12%] or more of weight of alcohol in the person's blood, the person would be in violation of paragraph (4) of subsection (a) of Code Section 40-6-391. . . ." (Emphasis supplied.) It is clear from the foregoing discussion that instructing the jury in this regard was erroneous. Appellant was accused of "driving under the influence." A charge on "point-twelve driving" as a per se violation was, thus, inapplicable. Additionally, no presumption attaches to a showing of "point-twelve driving" where violation of OCGA § 40-6-391 (a) (4) is charged in the accusation.

Although erroneous, the trial court's charge to the jury does not serve as a basis for reversing appellant's conviction. Appellant did not demur to the accusation. His objection to the charge was that it was burden shifting. The only enumeration of error on appeal is the trial court's failure to give the requested charge discussed above. The trial court properly declined to give the foregoing requested instruction to the jury as it is not a correct statement of the law. See *McGee v.*

*State,* 172 Ga. App. 208 (2) (322 SE2d 500) (1984). In *Lester v. State,* supra, the Supreme Court stated that OCGA § 40-6-391 (a) (4) "defines a specific act, driving while having a blood-alcohol content of at least .12%, as criminal." Id. at 237. Evidence that appellant's blood-alcohol content was .12% or higher raises no presumptions under the opinion in *Lester,* supra, where a violation of OCGA § 40-6-391 (a) (4) is charged. Therefore, a request to charge to the contrary presents an erroneous legal principle. Appellant admits that the intoximeter test showed .16% and that it was introduced at trial. Because there was uncontradicted evidence of violation of OCGA § 40-6-391 (a) (4) and the trial court apparently sentenced appellant on the basis of such violation, we affirm appellant's conviction.

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED JULY 12, 1985.

*Jeff Loftiss,* for appellant.
*Elliott McCollum, Solicitor,* for appellee.