70181. MELTON v. THE STATE.
(333 SE2d 682)

SOGNIER, Judge.

Appellant was convicted of driving under the influence of alcohol.

1. Appellant contends the trial court abused its discretion by denying his motion for a continuance, as the denial of this motion severely prejudiced his defense. Appellant's counsel was called for jury duty during the week of appellant's trial. When appellant's case was called for trial his attorney moved for a continuance on the ground that he was on jury duty.

At a hearing on the motion counsel did not contend he was unprepared for trial or had had insufficient time to prepare for trial because of jury duty. Rather, he argued only that appellant's trial would interfere with his jury duty and under the current statute he was not exempted from such duty. While it is true that OCGA § 15-12-1 does not exempt attorneys from jury duty, it is obvious that appellant's counsel could not serve on a jury trying his client because of counsel's partiality in the case. *Jordan v. State,* 247 Ga. 328, 339 (6) (276 SE2d 224) (1981). The instant case was a simple DUI involving only two State witnesses. Appellant's counsel proceeded to trial after his motion was denied and it is clear from the transcript that he was prepared for trial. Thus, appellant has asserted no facts or allegations which would justify a finding that the trial court abused its discretion in denying the motion for a continuance, *Bunge v. State,* 149 Ga.

App. 712, 713 (1A) (256 SE2d 23) (1979), nor has he shown that appellant's case was harmed by denial of the motion for a continuance. *Standridge v. State*, 158 Ga. App. 482, 484 (2) (280 SE2d 850) (1981). A motion for a continuance is addressed to the sound discretion of the trial court, *Bunge*, supra, and under the circumstances of this case we find no abuse of that discretion. *Riley v. State*, 174 Ga. App. 606 (330 SE2d 808) (1985).

Although appellant argues that his case was prejudiced because the other jurors *may* have formed an opinion about his counsel which could be detrimental to a fair and impartial trial, there is nothing in the record to support this contention. We will not review factual representations in a brief based on mere speculation which are unsupported by the record. *Moore v. State*, 174 Ga. App. 460 (330 SE2d 397).

2. Appellant contends he was denied due process of law because the trial court shifted the burden of proof to appellant in its charge relating to presumptions in general and the presumptions relating to levels of intoxication delineated in OCGA § 40-6-392 (b). We do not agree.

Appellant was charged with driving or being in actual physical control of a moving vehicle while under the influence of alcohol or drugs, "*or* while there was 0.12 percent or more by weight of alcohol in his blood." (Emphasis supplied.) Thus, the wording of the accusation charged appellant with a violation of OCGA § 40-6-391 (a) (1), (2) and (3), *or* a violation of OCGA § 40-6-391 (a) (4). In regard to a violation of § 40-6-391 (a) (4) our Supreme Court has held that this subsection defines a specific act as criminal, i.e., driving while having a blood-alcohol count of at least .12%, and all the State needs to prove is that the defendant committed this act. *Lester v. State*, 253 Ga. 235, 237 (2) (320 SE2d 142) (1984). The court went on to hold that "[s]ubsection (a) (4) simply sets out an alternative method of proving the crime established by the DUI statute. As no presumption is involved, we find appellant's argument [that this subsection establishes a conclusive presumption of impaired driving ability] without merit." Id. at 238 (2). Thus, in regard to the portion of the accusation charging a violation of subsection (a) (4), the trial court need not charge on presumptions, rebuttable or otherwise. However, appellant was charged in the alternative with violating OCGA § 40-6-391 (a) (1), (2) and (3), which provides: "A person shall not drive or be in actual physical control of any moving vehicle while: (1) Under the influence of alcohol; (2) Under the influence of any drug to a degree which renders him incapable of driving safely; or (3) Under the combined influence of alcohol and any drug to a degree which renders him incapable of driving safely." Thus, the presumptions set forth in OCGA § 40-6-392 (b) (1), (2) and (3) are applicable to that part of the accusation.

After giving the jury a general explanation of the meaning of presumptions the court charged the jury, in pertinent part: "However, in mentioning the offering of evidence contradicting the presumption, the rule of law that there is no burden whatsoever on a defendant to offer any testimony or any evidence in support of his innocence is not altered or changed. The burden is entirely on the State, as I have previously charged you, to prove the guilt of the defendant beyond a reasonable doubt." The court subsequently charged the jury on the presumptions set forth in OCGA § 40-6-392 (b) relating to a person's blood alcohol content. Appellant contends that under the holding in *Sandstrom v. Montana*, 442 U. S. 510 (99 SC 2450, 61 LE2d 39) (1979), the court's charge on presumptions was burden-shifting, relieving the State of proving every element of the offense charged beyond a reasonable doubt. We do not agree.

Both *Sandstrom* and the recent case of *Francis v. Franklin*, ___ U. S. ___ (105 SC ___, 85 LE2d 344, 53 LW 4495) (1985), were decided on the ground that a charge that it is presumed that a person intends the natural and probable consequences of his acts created a mandatory presumption of intent, thereby relieving the State of proving an essential element of the crime of malice murder. In *Francis*, supra, the court stated: "If a specific portion of the jury charge, considered in isolation, could reasonably have been understood as creating a presumption that relieves the State of its burden of persuasion on an element of an offense, the potentially offending words must be considered in the context of the charge as a whole. Other instructions might explain the particular infirm language to the extent that a reasonable juror could not have considered the charge to have created an unconstitutional presumption. [Cit.] This analysis 'requires careful attention to the words actually spoken to the jury . . . , for whether a defendant has been accorded his constitutional rights depends upon the way in which a reasonable juror could have interpreted the instruction.' *Sandstrom*, supra, at 514."

Looking at the charge as a whole, we find that a reasonable juror could not have interpreted the charge as having created an unconstitutional presumption, thereby shifting the burden of proof to appellant. The court charged the jury specifically that "it is incumbent upon the State to prove that *all of the necessary elements of the crime charged* in this accusation were committed by the defendant. The defendant enters upon this trial with a presumption of innocence . . . and that presumption remains with him throughout the trial, unless and until it is overcome by *evidence* submitted to you which establishes his guilt beyond a reasonable doubt." (Emphasis supplied.) The court also charged the jury that a presumption is not evidence, and in reference to offering evidence contradicting a presumption, the rule that there is no burden whatsoever on a defendant to offer any

testimony or any evidence in support of his innocence is not altered or changed. Looking at the court's charge as a whole, we find nothing which a reasonable juror could interpret as an unconstitutional shifting of the burden of proof to appellant. As this court has held previously that the language used in the charge here did not shift the burden of proof to appellant, *McCann v. State*, 167 Ga. App. 368, 369 (2) (306 SE2d 681) (1983), and that the presumptions created by OCGA § 40-6-392 do not constitute a denial of due process of law, *Olsen v. State*, 168 Ga. App. 296, 297 (308 SE2d 703) (1983), we find no error in the court's charge on presumptions.

*Judgment affirmed. Birdsong, P. J., concurs. Carley, J., concurs specially.*

CARLEY, Judge, concurring specially.

I concur in the judgment and in all that is said in Division 1 of the majority opinion. I also agree with the conclusion of Division 2 that the challenged charge does not require that we reverse the judgment in this case. However, I agree for the reasons set forth in *Peters v. State*, 175 Ga. App. 463 (333 SE2d 436) (1985).

DECIDED JULY 12, 1985.

*Howard Tate Scott*, for appellant.
*Ken Stula, Solicitor*, for appellee.