71575. HOGAN v. THE STATE.
(343 SE2d 770)

CARLEY, Judge.
Appellant was tried by a jury on a two-count accusation. Count I charged appellant with being in physical control of a moving vehicle "while under the influence of alcohol." Count II alleged that he had been in control of a moving vehicle "while there was at least .12 percent alcohol in his blood by weight." Although there were two counts, the factual allegations were identical and the same conduct formed the basis for both counts. Appellant was found not guilty of Count II, but guilty of Count I. As the result of the State's improper closing argument, appellant's motion for new trial as to Count I was granted. Appellant then filed a plea of autrefois acquit, asserting that, having already been acquitted as to Count II, a retrial as to Count I would

constitute double jeopardy. According to appellant, a new trial as to Count I would subject him to a multiple prosecution for the same crime. The instant appeal is from the trial court's order denying appellant's plea.

In § 12 of Ga. L. 1983, pp. 1000, 1015-1016, the General Assembly struck our former DUI statute in its entirety and inserted "in lieu thereof a new Code Section 40-6-391. . . ." The new OCGA § 40-6-391 (a) makes it a criminal offense to "drive or be in actual physical control of any moving vehicle while: (1) Under the influence of alcohol; . . . *or* (4) There is 0.12 percent or more by weight of alcohol in [the] blood." (Emphasis supplied.) The State contends that the disjunctive subsections (a) (1) and (a) (4) of this single Code section establish two *different* offenses, and that, for this reason, appellant will not be reprosecuted for the *same* crime. There is authority for this construction of OCGA § 40-6-391. In *Peters v. State*, 175 Ga. App. 463 (333 SE2d 436) (1985) and *Atkins v. State*, 175 Ga. App. 470 (333 SE2d 441) (1985), this court held that subsections (a) (1) and (a) (4) of the statute establish different crimes. However, our Supreme Court has clearly held otherwise. "Subsection (a) (4) simply sets out *an alternative method of proving the crime* established by *the DUI statute*." (Emphasis supplied.) *Lester v. State*, 253 Ga. 235, 238 (320 SE2d 142) (1984). See also *Melton v. State*, 175 Ga. App. 472, 473 (333 SE2d 682) (1985). Accordingly, to the extent that they are inconsistent with the Supreme Court's holding that OCGA § 40-6-391 establishes the *one crime* and that subsections (a) (1) and (a) (4) merely set out *two different methods* of proving *the same crime, Peters* and *Atkins* and any similar cases are hereby overruled.

OCGA § 16-8-40 (a) establishes one crime of robbery, which may be committed: "(1) By use of force; (2) By intimidation, by the use of threat or coercion, or by placing such person in fear of immediate serious bodily injury to himself or to another; or (3) By sudden snatching." Likewise, § 12 of Ga. L. 1983, pp. 1000, 1115-1116 evinces a legislative intent to establish one crime of driving or being in actual physical control of any moving vehicle after ingestion of alcohol and/or drugs, which may be committed by: (1) being under the influence of alcohol; (2) being under the influence of any drug to a degree which renders one incapable of driving safely; (3) being under the combined influence of alcohol and any drug to a degree which renders one incapable of driving safely; or (4) simply by having 0.12 percent or more by weight of alcohol in one's blood. As *the* crime of robbery requires proof that one, with the intent to commit theft, took property from the person or immediate presence of another by employment of one of the various alternative means enumerated in OCGA § 16-8-40 (a), *the* crime specified in OCGA § 40-6-391 requires proof that one drove or had actual physical control of a moving vehicle while, at the same

time, being in one of the four enumerated conditions. Under OCGA § 40-6-391 subsections (a) (1), (2), and (3), being "under the influence" and "to a degree which renders [one] incapable of driving safely" are not *two* separate elements. They are equivalent concepts describing a physical condition. See *Cook v. State*, 220 Ga. 463, 465 (2) (139 SE2d 383) (1964); *Cargile v. State*, 244 Ga. 871, 873 (1) (262 SE2d 87) (1979). One is not "under the influence" of an intoxicant unless he is intoxicated "to a degree which renders [him] incapable of driving safely." The condition proscribed by OCGA § 40-6-391 (a) (4) is merely that of having at least 0.12 percent blood-alcohol count. As with robbery or any other crime which may be accomplished in alternative ways, the evidentiary elements of proof of the commission of the crime proscribed by OCGA § 40-6-391 will, of necessity, vary depending upon the alternative manner or manners in which it is alleged that the crime was actually committed, to wit: driving while in the condition of intoxication denominated as "under the influence" or driving in the condition of intoxication demonstrated by 0.12 percent blood-alcohol level. It is true that the "DUI" heading that currently precedes the crime enacted by the legislature as OCGA § 40-6-391 has no legal effect and is probably a misnomer. See OCGA § 1-1-7. However, the Supreme Court has referred to the enactment as "the DUI statute." *Lester v. State*, supra at 238. So too will we.

Thus, the proper construction of OCGA § 40-6-391 is as follows: The commission of *the crime* of DUI by violating OCGA § 40-6-391 (a) (1), (a) (2), or (a) (3) may include as an element of proof thereof, those presumptions or inferences which are established by OCGA § 40-6-392 (b) (1), (b) (2), or (b) (3). *The crime* of DUI by violating OCGA § 40-6-391 (a) (4) differs only in that proof merely of the commission of a proscribed specific act is sufficient without resort to any inference or presumption. See OCGA § 40-6-392 (b) (4); *Lester v. State*, supra; *Cunningham v. State*, 255 Ga. 35, 36 (1) (334 SE2d 656) (1985).

It is thus clear that, contrary to the State's contention, appellant was tried on an accusation which charged him with but one crime committed in two alternative ways. " 'Where an [accusation] charges one offense committed in different ways, in several counts, a conviction on one or some of the counts, supported by sufficient legal proof will be upheld. . . . The verdict . . . can not harm the defendant; for the punishment is the same whether the conviction is sustained on one count or on more than one count.' " *Bowen v. State*, 47 Ga. App. 9, 11 (170 SE 104) (1933). Thus, if the evidence authorized it, the jury could have found appellant guilty on Count I, or on Count II, or on both, but he could be sentenced for only one DUI violation. Such a prosecution would "not thereby [subject appellant] to double jeopardy or to more than one penalty for the same offense. He could be

found guilty of only one [offense of DUI] and be subjected to one punishment and sentence therefor. [Cit.]" *McGraw v. State*, 85 Ga. App. 857, 859 (70 SE2d 141) (1952). "[W]here one felony is set out in various ways in the different counts to meet diversities in the proofs, no election of counts will ordinarily be required, but all will be kept open for the jury to pass upon in their verdict." *Sutton v. State*, 124 Ga. 815, 816-817 (53 SE 381) (1906).

Thus, even though appellant was acquitted of DUI on the alternative Count II, his conviction of DUI on the alternative Count I would have been upheld in the absence of error. Therefore, the retrial as to that count, which was secured solely as the result of appellant's own efforts, is not barred. "A prosecution is not barred . . . if: . . . (2) Subsequent proceedings resulted in the invalidation, setting aside, reversal, or vacating of the conviction, [except in circumstances inapplicable to the instant case]." OCGA § 16-1-8 (d). "Where a defendant in a criminal case secures a new trial by his own efforts, he waives the right to plead former jeopardy because of the former trial. [Cits.]" *Arnold v. State*, 88 Ga. App. 710, 711 (77 SE2d 550) (1953). See also *Daniels v. State*, 165 Ga. App. 397 (1) (299 SE2d 746) (1983). Accordingly, the trial court did not err in denying appellant's plea of autrefois acquit.

*Judgment affirmed. Banke, C. J., Deen, P. J., McMurray, P. J., Birdsong, P. J., Sognier, Pope, and Benham, JJ., concur. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

I join in the result, but I am baffled by the reasoning and cannot agree that *Peters*[1] and *Atkins*[2] are inconsistent with *Lester*.[3]

Initially, however, I believe it is necessary to show the posture in which this case came to us and what appellant is really complaining about.

In his "motion in autrefois acquit" he contended that to retry him on Count I would be a violation of the Sixth[4] and Fourteenth Amendments of the U. S. Constitution "in that a second trial upon the same matter and the same criminal episode will constitute double jeopardy." He "showed," i.e., contended, in the motion that the "substance" of the charge in Count I is the same as the "substance" of the charge in Count II, pointing to parts of OCGA §§ 16-1-7 (a) and 16-1-8 (a) as authority.

---

[1] *Peters v. State*, 175 Ga. App. 463 (333 SE2d 436) 1985).

[2] *Atkins v. State*, 175 Ga. App. 470 (333 SE2d 441) (1985).

[3] *Lester v. State*, 253 Ga. 235 (320 SE2d 142) (1984).

[4] He apparently meant the Fifth, which provides: "nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb."

It was upon those grounds that the motion was denied.

Now, on appeal, his claim is that the trial court erred because to retry him on Count I would violate OCGA § 16-1-8 (b) (1) in that subsections (1) and (4) of OCGA § 40-6-391 (a) are "the same crime based on different facts" and they involve the "same conduct" in that "the facts necessary to establish" Counts I and II "are the same."

First of all, he raises a new ground and we should not consider it because we are a review court. *Ridley v. State*, 141 Ga. App. 854, 855 (1) (234 SE2d 688) (1977).

Second, he does not invoke or argue the Constitution, and thus we are not faced with a question of whether the U. S. Constitution would be violated by reprosecution. He expressly recognizes that the Georgia statutes provide broader coverage against double jeopardy than does the U. S. Constitution, as was pointed out in *State v. Estevez*, 232 Ga. 316, 317 (1) (206 SE2d 475) (1974).

Third, as to the merits, the fallacy of his contention is obvious from the internal inconsistency contained within it. This becomes even plainer when his argument is studied. He speaks of subsection (4) as an "additional" offense from subsection (1) and points out that the elements for the two are different. These "two . . . crimes," he argues, "are distinct both as a matter of fact as well as a matter of law"; each requires proof of different facts although the "common denominator" is alcohol. However, he also says the "two offenses" arose out of " 'the same conduct' " and "the facts necessary . . . are the same in both counts 1 and 2 of the accusation."

Thus, he concludes, a second prosecution on Count I is barred by the acquittal on Count II.

If we must reach the merits of his enumeration of error despite its not being properly raised, I would simply hold that his claim of an impending violation of the procedural aspect of double jeopardy (i.e., reprosecution) is fully met by referring to the statute he invokes. For it contains a very important exception. If the former prosecution is for "a different crime or for the same crime based upon different facts," he may not be subsequently prosecuted "for a crime which involves the same conduct, *unless* each prosecution requires proof of a fact not required on the other prosecution." OCGA § 16-1-8 (b) (1). That is what he says is being violated, but he admits in part of his argument, and the majority agrees as do I, that Count I requires proof of the fact that defendant "was a less safe driver," which Count II does not, and that Count II requires proof of the fact that his blood alcohol level was .12 percent or more by weight, which Count I does not.

Thus it is clear that, in keeping with *Lester, Peters, Atkins*, and *Melton v. State*, 175 Ga. App. 472 (333 SE2d 682) (1985), a second prosecution for driving under the influence of alcohol in violation of

OCGA § 40-6-391 (a) (1) after an acquittal for driving with .12 percent blood alcohol content would not violate Mr. Hogan's rights as provided in OCGA § 16-1-8 (b) (1).

I see no reason to overrule *Peters* or *Atkins*, inasmuch as I believe they are correct and do not conflict with *Lester*, which they rely on, and inasmuch as their holdings are not in issue in this case. They, and *Lester*, do not even deal with double jeopardy. Moreover, all of the discussion of whether subsection (1) and subsection (4) of the statute are one crime or two crimes is irrelevant because the statute invoked here by appellant covers both "a different crime" and "the same crime based upon different facts." OCGA § 16-1-8 (b) (1).

DECIDED MARCH 20, 1986 —
REHEARING DENIED APRIL 2, 1986 — 

*C. Alan Mullinax*, for appellant.
*Ralph T. Bowden, Jr., Solicitor, Nancy H. Jackson, Assistant Solicitor*, for appellee.