74353. TOMLIN v. THE STATE.
(362 SE2d 489)

McMURRAY, Presiding Judge.

Defendant was tried by a jury on a two-count accusation. Count 1 charged defendant with driving while under the influence of alcohol. See OCGA § 40-6-391 (a) (1). Count 2 charged that defendant did drive and was in actual physical control of a moving vehicle "[w]hile there was in his blood 0.12 percent or more by weight of alcohol." See OCGA § 40-6-391 (a) (4). The same conduct formed the basis for both counts of the accusation. The jury returned verdicts of guilty under Count 1 and Count 2 of the accusation; however, the trial court sentenced defendant without specifying whether it was for Count 1 or 2.

This appeal followed. *Held*:

1. In his first enumeration of error, defendant contends the trial court erred in charging the jury that he could be found guilty of both counts of the accusation.

"In § 12 of Ga. L. 1983, pp. 1000, 1015-1016, the General Assembly struck our former DUI statute in its entirety and inserted 'in lieu thereof a new Code Section 40-6-391. . . .' The new OCGA § 40-6-391 (a) makes it a criminal offense to 'drive or be in actual physical control of any moving vehicle while: (1) Under the influence of alcohol; . . . or (4) There is 0.12 percent or more by weight of alcohol in (the) blood.' (Emphasis supplied.) . . . In *Peters v. State*, 175 Ga. App. 463 (333 SE2d 436) (1985) and *Atkins v. State*, 175 Ga. App. 470 (333 SE2d 441) (1985), this court held that subsections (a) (1) and (a) (4) of the statute establish different crimes. However, our Supreme Court has clearly held otherwise. 'Subsection (a) (4) simply sets out *an alternative method of proving the crime* established by *the DUI statute.*' (Emphasis supplied.) *Lester v. State*, 253 Ga. 235, 238 (320 SE2d 142) (1984). See also *Melton v. State*, 175 Ga. App. 472, 473 (333 SE2d 682) (1985)." *Hogan v. State*, 178 Ga. App. 534, 535 (343 SE2d 770).

"It is thus clear that, [in the case sub judice, defendant] was tried on an accusation which charged him with but one crime committed in two alternative ways. ' "Where an (accusation) charges one offense committed in different ways, in several counts, a conviction on one or some of the counts, supported by sufficient legal proof will be upheld. . . . The verdict . . . can not harm the defendant; for the punishment is the same whether the conviction is sustained on one count or on more than one count." ' *Bowen v. State*, 47 Ga. App. 9, 11 (170 SE 104) (1933). Thus, if the evidence authorized it, the jury could have found [defendant] guilty on Count I, or on Count II, or on both, but he could be sentenced for only one DUI violation." *Hogan v. State*, 178 Ga. App. 534, 535, supra. Consequently, in the case sub judice, the trial court did not err in charging the jury that defendant could be found guilty on both counts of the accusation. " '(W)here one [misdemeanor] is set out in various ways in the different counts to meet diversities in the proofs, no election of counts will ordinarily be required, but all will be kept open for the jury to pass upon in their verdict.' *Sutton v. State*, 124 Ga. 815, 816-817 (53 SE 381) (1906)." *Hogan v. State*, 178 Ga. App. 534, 537, supra.

2. In his second enumeration of error, defendant contends "[t]he Trial Court erred in its failure to properly instruct the jury that the statutory presumption of intoxication [was] rebuttable . . ."

" '[D]efense counsel neither objected nor reserved the right to later object, and under such circumstances, the defendant has waived the right to raise the issue on appeal.' *Jackson v. State*, 246 Ga. 459,

460 (271 SE2d 855) (1980)." *Paul v. State*, 176 Ga. App. 524, 525 (2) (336 SE2d 379).

3. The transcript of the sentencing of defendant reflects that the trial court stated "there can only be one punishment and therefore the Court is punishing him under count *blank*." (Emphasis supplied.) As the written sentence fails to reflect specifically upon which count the defendant was sentenced, defendant's sentence must be vacated and the case remanded with direction that the trial court resentence defendant with the trial court's sentence reflecting whether the new sentence is on Count 1 or Count 2.

*Judgment affirmed as to the DUI conviction; judgment vacated as to the sentence and case remanded with direction. Sognier, J., concurs. Beasley, J., concurs in the judgment only.*

DECIDED NOVEMBER 3, 1987.

*Jerry M. Daniel*, for appellant.
*James C. Abbot, Solicitor*, for appellee.