Dwayne Collier was convicted of driving under the influence of alcohol. He was sentenced to 30 days' imprisonment, fined $500, and his driver's license was revoked for 90 days. On this appeal from that conviction, Collier argues that, while he was charged only with driving under the influence of alcohol in violation of subsection (a)(2) of Alabama code 1975, §32-5A-191, the trial judge erroneously charged the jury that he could be found guilty if they found he had a blood-alcohol level of 0.10 percent or more under subsection (a)(1) of §32-5A-191.
The U.T.T.C. charged Collier with being in violation of "32-5A-191(A)(1)(2)." The offense was described on the ticket as "driving while under the influence of ALCOHOL TEST TYPE2 BAC .20." The solicitor's complaint charged that Collier "did unlawfully operate a motor vehicle upon a public roadway, by driving said motor vehicle while under the influence of alcohol, in violation of § 32-5A-191(A)(1)(2)."
The trial judge instructed the jury that under "Section32-5A-191(A)(1)(2)" a person "shall not drive or be in actual, physical control of any vehicle while, number one, there is 0.10 percent or more by weight of alcohol in his blood. The second part of it says, under the influence of alcohol. Those were the two sections referred to in the complaint." The jury found Collier "guilty of the offense of driving under the influence of alcohol as charged in the complaint."
Defense counsel made a timely objection to the oral charge of the trial court. Placing the judge's response to the objection within the context in which it appears in the record, it is absolutely clear to this Court that the judge's comment, "Your exception will be so noted for the record," was an adverse ruling denying the objection to the oral charge. Galloway v.State, 416 So.2d 1103, 1108-09 (Ala.Cr.App. 1982).
Alabama Code 1975, § 32-5A-191(a), provides: *Page 983 
 "(a) A person shall not drive or be in actual physical control of any vehicle while:
 "(1) There is 0.10 percent or more by weight of alcohol in his blood;
"(2) Under the influence of alcohol;
 "(3) Under the influence of a controlled substance to a degree which renders him incapable of safely driving;
 "(4) Under the combined influence of alcohol and a controlled substance to a degree which renders him incapable of safely driving; or
 "(5) Under the influence of any substance which impairs the mental or physical faculties of such person to a degree which renders him incapable of safely driving."
There is no subsection "(A)(1)(2)" to § 32-5A-191, as charged in the complaint and as cited on the U.T.T.C. The correct subsections are (a)(1) and (a)(2). "Miscitation of a code section does not void an indictment which otherwise states an offense; and, in the absence of a showing of actual prejudice to the defendant, reference to the erroneous code section will be treated as mere surplusage." Ex parte Bush, 431 So.2d 563,564 (Ala.), cert. denied, Bush v. Alabama, 464 U.S. 865,104 S.Ct. 200, 78 L.Ed.2d 175 (1983). "[A] code section is not an essential element of the statement of the offense in an indictment," Winston v. State, 470 So.2d 1333 (Ala.Cr.App. 1985), although Rule 15.2(b), Alabama rules of Criminal Procedure (Temporary), states that "[t]he indictment . . . shall state . . . the official or customary citation of the statute, rule, regulation, or other provision of law which the defendant is alleged to have violated."
Here, the complaint properly charged only a violation of subsection (a)(2) of § 32-5A-191 — driving under the influence of alcohol — because the complaint did not set forth the essential facts constituting the offense of driving with a blood-alcohol level of 0.10 percent or more as defined by subsection (a)(1) of § 32-5A-191. "[W]e think it very clear that when a statute creating an offense describes the constituents or ingredients of the crime, the indictment framed under it must allege all the constituents or ingredients necessary to the existence of the offense; otherwise it would not appear that the defendant was guilty of the crime with which he was charged." Eubanks v. State, 17 Ala. 181, 183
(1850). A defendant specifically charged with driving under the influence of alcohol in violation of § 32-5A-191(a)(2) would not be placed on notice that he was being called to defend a charge of driving with a blood-alcohol level of 0.10 percent or more in violation of § 32-5A-191(a)(1).
In Sisson v. State 528 So.2d 1151 (Ala.Cr.App. 1987), this Court "conclude[d] that subsections (a)(1) and (a)(2) of the D.U.I. Statute are separate and distinct offenses." In reaching that conclusion, the majority relied on the cases of Boyd v.City of Montgomery, 472 So.2d 694 (Ala.Cr.App. 1985); Smith v.State, 470 So.2d 1365 (Ala.Cr.App. 1985); State v. Henson,443 So.2d 507 (Fla.Dist.Ct.App. 1984); Peters v. State,175 Ga. App. 463, 333 S.E.2d 436 (1985); and Atkins v. State,175 Ga. App. 470, 333 S.E.2d 441 (1985).
Smith and Boyd only inferentially support the conclusion reached in Sisson. Smith, 470 So.2d at 1368, held that evidence that the accused was driving with a blood-alcohol level of 0.10 percent supported his conviction for driving under the influence of alcohol. Boyd, 472 So.2d at 699, held that the trial judge properly refused to instruct the jury on §32-5A-191(a)(1) through (5), where the accused was charged only with violating subsection (a)(1).
Henson, Peters, and Atkins are more directly in point.Henson, 443 So.2d at 507-08, apparently applying the principle that distinct offenses cannot be charged in the same count, held that the State must charge driving under the influence of alcohol and driving with a blood-alcohol level of .10% or above in separate counts of an information rather than combining the allegations as alternative theories of prosecution in a single count. Peters and Atkins did hold that driving under the influence of alcohol and driving with a blood-alcohol *Page 984 
level of 0.12 percent or more were separate and different crimes. However, Peters and Atkins were specifically overruled in Hogan v. State, 178 Ga. App. 534, 343 S.E.2d 770, 771
(1986).
 "The State contends that the disjunctive subsections (a)(1) and (a)(4) of this single Code section establish two different offenses, and that, for this reason, appellant will not be reprosecuted for the same crime. There is authority for this construction of OCGA § 40-6-391. In Peters v. State, 175 Ga. App. 463, 333 S.E.2d 436 (1985) and Atkins v. State, 175 Ga. App. 470, 333 S.E.2d 441
(1985), this court held that subsections (a)(1) and (a)(4) of the statute establish different crimes. However, our Supreme Court has clearly held otherwise. 'Subsection (a)(4) simply sets out an alternative method of proving the crime established by the DUI statute.' (Emphasis supplied.) Lester v. State, 253 Ga. 235, 238, 320 S.E.2d 142 (1984). See also Melton v. State, 175 Ga. App. 472, 473, 333 S.E.2d 682 (1985). Accordingly, to the extent that they are inconsistent with the Supreme Court's holding that OCGA § 40-6-391 establishes the one crime and that subsections (a)(1) and (a)(4) merely set out two different methods of proving the same crime, Peters and Atkins and any similar cases are hereby overruled."
Unlike Georgia, the courts of this state have not "judicially imported" under subsection (a)(2) (driving under the influence) the requirement of proof that the driver be under the influence of alcohol to a degree which renders him incapable of safelydriving. See Peters v. State, 175 Ga. App. 463, 333 S.E.2d 436,437 (1985). For this reason, much of the language in the quoted material from Peters, supra, and Atkins v. State,175 Ga. App. 470, 333 S.E.2d 441 (1985), found in Sisson, supra, is not applicable to charges under § 31-5A-191.
The difference between being under the influence of alcohol and being intoxicated is the difference between " 'Tweedle dee and Tweedle dum.' " Holley v. State, 25 Ala. App. 260, 261,144 So. 535 (1932). "If a man is under the influence of intoxicating liquors, he is intoxicated, and, if he is intoxicated within the meaning of this statute, he is under the influence of intoxicating liquor." Id. "It is not for the State to prove that the intoxication had reached a stage where it would or did interfere with the proper operation of the motor vehicle. The law assumes, without further proof, that when a person is under the influence of intoxicating liquors that it is dangerous to the public, as well as to the driver, to operate a motor vehicle upon the highways of this State."McMurry v. State, 28 Ala. App. 253, 254, 184 So. 42, cert. denied, 236 Ala. 589, 184 So. 43 (1938). See also Pace v. Cityof Montgomery, 455 So.2d 180, 185 (Ala.Cr.App. 1984); Evans v.State, 389 So.2d 567, 570 (Ala.Cr.App. 1980).
Despite the differing elements of proof between the Alabama and Georgia DUI statutes and despite the fact that the Georgia cases of Peters, supra, and Atkins, supra, cited as authority by this Court in Sisson have been overruled, we affirm our holding in Sisson that subsections (a)(1) and (a)(2) of §32-5A-191 state distinct offenses. This conclusion is supported by authority from our own state.
Alabama Code 1975, § 13A-6-2, defines the crime of murder and provides two alternative methods by which it may be committed. Subsection (a)(1) defines intentional murder. Subsection (a)(2) defines reckless or universal malice murder. In Ex parteWashington, 448 So.2d 404 (Ala. 1984), our Supreme Court held that where the indictment charged intentional murder, it was error to instruct the jury on universal malice murder. Although the court recognized that "the intentional murder and reckless murder alternatives are contained in different subsections of § 13A-6-2" (emphasis added), the court held that the two "offenses" were different and that one was not a lesser included offense of the other.
Section 13A-6-65(a) provides: "A person commits the crime of sexual misconduct if: (1) Being a male, he engages in sexual intercourse with a female without her consent, . . .or with her consent where consent *Page 985 
was obtained by the use of any fraud or artifice." (Emphasis added.) In Ex parte Hightower, 443 So.2d 1272 (Ala. 1983), the complaint charged that the sexual intercourse was without consent, but the proof showed that consent was obtained by artifice. Our Supreme Court held that there was a fatal variance between the complaint's charge of sexual misconduct and the proof of the other kind of sexual misconduct defined in § 13A-6-65(a)(1). Quoting from House v. State, 380 So.2d 940,942-43 (Ala. 1979), the court stated:
 "The policy behind the variance rule is that the accused should have sufficient notice to enable him to defend himself at trial on the crime for which he has been indicted and proof of a different crime or the same crime under a different set of facts deprives him of that notice to which he is constitutionally entitled." (Emphasis added in Hightower.) Hightower, 443 So.2d at 1274.
Washington and Hightower lead this Court to the conclusion that, even though a statute provides alternative or different methods of committing the same crime, each alternative will be treated as a separate offense for purposes of pleading and proof. Therefore, we conclude that the offense of driving under the influence of alcohol under § 32-5A-191(a)(2) is a separate offense from driving with a blood-alcohol level of 0.10% or more under § 32-5A-191(a)(1).
As we have previously determined, the complaint properly charged only a violation of subsection (a)(2), driving under the influence of alcohol. Consequently, the trial judge erred in charging the jury on subsection (a)(1). However, that error does not warrant a reversal of the defendant's conviction because the defendant was not prejudiced. Rule 45, Alabama Rules of Appellate Procedure.
At trial, Collier presented no defense. The State's evidence was undisputed and showed that Collier was driving under the influence of alcohol with a blood-alcohol level of .20 percent. The only witness at trial was Alabama State Trooper Robert Gorman. In addition to the results of the Intoxilizer 5000 test he gave Collier, he testified that he observed Collier's automobile "weaving slightly" and "cross the center line." Trooper Gorman stated that Collier was "pretty well disheveled. . . . his complexion was flushed and his eyes were blood shot. He slurred when he talked, . . . He showed most all the characteristics of an intoxicated driver. * * * He was very unsteady on his feet. * * * He had a strong odor of alcoholic beverage. * * * He had wet his pants." Trooper Gorman "recall[ed] at least one beer that was open" in Collier's automobile.
In this case, even though the trial judge instructed the jury that they could find Collier guilty of a crime not charged in the complaint, there is no possibility that the jury could have found that Collier was guilty of driving with a blood-alcohol level of 0.10 percent or more without also finding that he was guilty of driving under the influence of alcohol. The judgment of the circuit court is affirmed.
AFFIRMED.
TAYLOR, PATTERSON and McMILLAN, JJ., concur.
TYSON, J., concurs in result only.